UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ETIENNE ROTHSCHILD,<br><br>Plaintiff,<br><br>v.<br><br>THE PACIFIC COMPANIES,<br><br>Defendant. | Case No.  23-cv-01721-LJC<br><br>**ORDER GRANTING IFP APPLICATION; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B); GRANTING MOTION TO AMEND**<br><br>ECF Nos. 1, 12, 15 |

Plaintiff Thomas Etienne Rothschild filed his Complaint and an application for leave to proceed *in forma pauperis* (IFP).  ECF Nos. 1, 12.[1]  Plaintiff also filed a Motion to Amend Complaint, Add Defendants, and Correct Venue (Motion to Amend).  ECF No. 15.  The Court finds that Plaintiff's Motion to Amend is appropriate for disposition without oral argument.  See Civ. L.R. 7-1(b).  Accordingly, the hearing on the Motion to Amend, set for July 10, 2023, at 9:00 A.M. is **VACATED**.  Having considered Plaintiff's papers, the Court **GRANTS** the IFP application and finds that the Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court also **GRANTS** Plaintiff's Motion to Amend, and orders Plaintiff to file a first amended complaint that addresses the deficiencies identified in this screening order by July 12, 2023.

---

[1] Plaintiff simultaneously filed an IFP application along with his Complaint.  ECF No. 3.  However, the Court denied that application without prejudice because it was incomplete and ordered Plaintiff to file a renewed application.  ECF No. 8.  Plaintiff filed a renewed IFP application (ECF No. 12), along with three other IFP applications that had the case information for a related case before this Court, Rothschild v. Gildred et al, 23-cv-01713-LJC (Apr. 10, 2023).  ECF Nos. 11, 13, 14.  The Court considers only Plaintiff's renewed IFP application for this case (ECF No. 12) for purposes of determining whether Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a).

## I. BACKGROUND

Plaintiff purports to bring this lawsuit on behalf of himself and others similarly situated against Defendant The Pacific Companies. ECF No. 1 (Compl.) at 1.[2] The crux of Plaintiff's Complaint centers around construction of a five-story parking garage in Burlingame, California that lasted approximately four years. Id. at 3. Plaintiff alleges that he lived next door to the construction site and was subjected to constant noise and dust that eventually lead to him developing breathing problems. Id. at 4. Plaintiff also alleges that the construction proceeded under dangerous conditions, and that he submitted verbal and written complaints to The Pacific Companies regarding these dangerous conditions to no avail. Id.

Plaintiff brings claims for breach of the covenant of quiet enjoyment, breach of warranty, fraud, violations of the Clean Air Act[3], negligence, negligence per se, and strict liability. Id. at 1-9. Plaintiff requests punitive and compensatory damages, interest, attorney fees, "and any other relief the court deems fitting." Id. at 53. He requests $300,000,000. Id.

## II. LEGAL STANDARD

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a)(1). But the Court is also under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the Court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the Court's Section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of

---

[2] For ease of reference, unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.
[3] Plaintiff describes this cause of action as "viotlations 0f the Clean Air," [sic], and separately alleges that "[t]he plaintiff suffered further breathing issues due to the exhaust from construction vehicles and parking cars, and this is noted as further violations of EPA Standards of Air Quality." Compl. at 1, 4. The Court construes Plaintiff's Complaint as purporting to bring a lawsuit under the Clean Air Act.

1    the court's discretion under the IFP statute. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

2          To make the determination under Section 1915(e)(2)(B), courts assess whether the
3    complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
4    325 (1989). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual
5    allegations for lack of subject matter jurisdiction. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th
6    Cir. 1984). A court can also dismiss a complaint where it is based solely on conclusory
7    statements, naked assertions without any factual basis, or allegations that are not plausible on their
8    face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); see also Erickson v. Pardus, 551 U.S. 89
9    (2007) (per curiam). Ordinarily the Court must give an IFP plaintiff leave to "amend their
10   complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by
11   amendment." Franklin, 745 F.2d at 1235, n.9.

12   **III.   DISCUSSION**

13         Having evaluated Plaintiff's financial affidavit, the Court finds that Plaintiff has satisfied
14   the economic eligibility requirement of 28 U.S.C. § 1915(a) and **GRANTS** the application to
15   proceed IFP. The Court will first screen Plaintiff's Complaint under Section 1915(e)(2)(B), before
16   addressing Plaintiff's Motion to Amend

17       **A.   Screening of Plaintiff's Complaint Under § 1915(e)(2)(B)**

18         Plaintiff's Complaint does not sufficiently allege a basis for subject matter jurisdiction.
19   Plaintiff first alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331,
20   "which provides district courts with jurisdiction over civil actions arising under the United States
21   Constitution or laws of the United States." Compl. at 1.

22         Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack
23   jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v.
24   Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (internal citations omitted). A federal
25   court may exercise either federal question jurisdiction or diversity jurisdiction. Federal question
26   jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or
27   treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is
28   governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Here, all of Plaintiff's claims arise under state law except his claim for violations of the Clean Air Act. "The Clean Air Act entitles any person to sue for a violation of 'an emission standard or limitation under this chapter' or 'an order issued by the [Environmental Protection Agency] Administrator or a State with respect to such a standard or limitation.'" In re Volkswagen 'Clean Diesel' Mktg., Sales Pracs., & Prod. Liab. Litig., 894 F.3d 1030, 1037–38 (9th Cir. 2018) (quoting 42 U.S.C. § 7604(a)(1)); see also Delaware Valley Citizens Council for Clean Air v. Davis, 932 F.2d 256, 264 (3d Cir. 1991) ("Section 7604 permits citizens to commence civil suits in the district court against persons who violate either emission standards or limitations promulgated under various sections of the [Clean Air] Act or orders issued by the EPA or a state concerning those standards or limitations.") Relief under the Clean Air Act's citizen-suit provision is limited only to injunctive relief and/or civil penalties "deposited in a special fund in the United States Treasury for licensing and other services" or used in "beneficial mitigation projects." 42 U.S.C. §§ 7604(a), (g).

What the Clean Air Act does not provide for is "a free-standing cause of action for nuisance that allows for compensatory damages." City of Oakland v. BP PLC, 969 F.3d 895, 908 (9th Cir. 2020); see also Powell v. Lennon, 914 F.2d 1459, 1463, n.7 (11th Cir. 1990) (rejecting the plaintiff's position that he should have been granted leave to amend his complaint as "lack[ing] merit" because "there is not any private right of action under the Clean Air Act"); Abuhouran v. Kaiserkane, Inc., No. 10-6609 NLH/KMW, 2011 WL 6372208, at *4 (D.N.J. Dec. 19, 2011) ("[T]he Clean Air Act does not authorize a private cause of action for compensatory damages for alleged violations of the Act, and thus federal question jurisdiction does not exist[] for such claims.")

This leaves only Plaintiff's state law claims, over which this Court has jurisdiction if diversity jurisdiction exists. In addition to alleging this Court has subject matter jurisdiction under 28 U.S.C. § 1331, Plaintiff alleges that "[t]he jurisdiction is further appropriate due to diversity."

4

Compl. at 3.  A court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332.  Parties are diverse only when the parties are "citizens of different states."  Id.  Here, Plaintiff alleges that he resides in Florida and "the Defendant resides in Tacoma, Washington."  Compl. at 3.[4]  But the Defendant, The Pacific Companies, is a corporation, so its state citizenship is not determined by where it "resides."  Instead, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Although Plaintiff alleges that the Court has personal jurisdiction over The Pacific Companies because its "principal place of business is not located in this state," he does not allege where its principal place of business is actually located.  Compl. at 1.  Therefore, the Court has no basis to determine the citizenship of The Pacific Companies and whether it has diversity jurisdiction in this matter.

As to Plaintiff, a natural person's state citizenship is determined by his or her state of domicile.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Id.  However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id. (internal citation omitted).  Plaintiff alleges that he resides in Florida (Compl. at 3), but this is insufficient to allege citizenship because citizenship is determined by domicile, not residence.

Accordingly, the Complaint does not sufficiently allege a basis for either federal question or diversity jurisdiction.

B. **Motion to Amend**

Under Federal Rule of Civil Procedure 15, a plaintiff has the right to amend his complaint

---

[4] In the same paragraph where Plaintiff alleges that this Court has diversity jurisdiction over this matter, he alleges that he was "engaged to be married to Defendant" and that he and "Defendant…entered into a contract to develop the entire site and buildings with the help of the Contractor, The Pacific Companies."  Compl. at 3.  He separately refers to a person named Stephanie Ann Gildred as the "Defendant" and "Landlord" in other parts of the Complaint.  Id. at 5-6.  Ms. Gildred is one of the named defendants in the related case before this Court, Rothschild v. Gildred et al, 23-cv-01713.  However, Plaintiff has only named The Pacific Companies as a defendant in this lawsuit.

5

1   within twenty-one days of service of the complaint or within twenty-one days of service of a
2   responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first.
3   Fed. R. Civ. P. 15(a)(1)(A)-(B); see Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008
4   (9th Cir. 2015).  "In all other cases, a party may amend its pleading only with the opposing party's
5   written consent or the court's leave.  The court should freely give leave when justice so requires."
6   Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has a "generous standard for granting motions for
7   leave to amend under Rule 15" and a policy of "favoring amendments with 'extreme liberality.'"
8   Velasquez v. Bank of Am. N.A., No. C 11-2491 SBA, 2011 WL 13267079, at *1 (N.D. Cal. Oct.
9   18, 2011) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).
10         Here, Plaintiff's Motion to Amend requests leave of court to amend the original
11  Complaint, "determine correct venue," add additional defendants, and "limit defendants subpoena
12  to a time limit."  ECF No. 15 at 2.  Plaintiff's Motion to Amend is incomplete and at times
13  difficult to follow, but he appears to request to add his ex-fiancée, Stephanie Gildred, "Clarum
14  Companies," and "Byldan Corporation" as defendants.  Id. at 3.  Plaintiff also requests to add
15  claims for violation of his rights under the American with Disabilities Act (ADA) and Fair
16  Housing Act (FHA), as well as claims for civil conspiracy, unfair business practices, breach of
17  contract, and tortious interference with business expectancy.  Id. at 3-4.
18         Given the early stage of these proceedings and the fact that the only named Defendant at
19  this time has yet to be served, the Court finds that the liberal policy in favor of amendment merits
20  granting Plaintiff's request to amend the Complaint.  Plaintiff may add additional defendants and
21  causes of action, although the Court reminds Plaintiff that any amended complaint must
22  demonstrate a basis for federal subject matter jurisdiction, whether federal question jurisdiction or
23  diversity jurisdiction, as explained above.  See supra, Section III.A.  Plaintiff may also amend the
24  Complaint to plead a basis for proper venue of this action under 28 U.S.C. § 1391.  However,
25  given that no defendants have been served and discovery has not yet begun, Plaintiff's request to
26  "limit defendants subpoena to a time limit" is premature and the Court denies it without prejudice
27  at this time.
28

**IV.   CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's IFP application and finds that the Complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) due to lack of subject matter jurisdiction.  The Court **GRANTS** Plaintiff's Motion to Amend, and orders Plaintiff to file a first amended complaint addressing the deficiencies identified in this order by July 12, 2023.  If he does not file a timely first amended complaint, the Court will recommend that this action be dismissed.

The Court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://perma.cc/6NL7-U9U7, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: June 21, 2023

LISA J. CISNEROS
United States Magistrate Judge