UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E ROTHSCHILD,<br><br>   Plaintiff,<br><br>v.<br><br>THE PACIFIC COMPANIES, et al.,<br><br>   Defendants. | Case No.  23-cv-01721-LJC<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B); CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 22 |

Plaintiff Thomas E. Rothschild is proceeding in this case *in forma pauperis* (IFP).  ECF No. 16.  The Court previously screened his original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (First Screening Order) and ordered Mr. Rothschild to file an amended complaint that addressed certain deficiencies identified by the Court as to the basis for its subject matter jurisdiction.  Id. at 1.[1]  Mr. Rothschild has since filed two separate amended complaints.  ECF Nos. 18, 22.  But the Court nevertheless remains under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(A)-(B).

Having considered Mr. Rothschild's Second Amended Complaint (SAC), the Court finds that it fails to state a claim on which relief may be granted pursuant to Section 1915(e)(2)(B)(ii).  The Court orders Mr. Rothschild to file a third amended complaint that addresses the deficiencies identified in this screening order by September 22, 2023.  In addition, the Court requires

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

additional information to make a determination as to Mr. Rothschild's allegations of poverty under Section 1915(e)(2)(A). Therefore, he is also ordered to submit a new IFP application by September 22, 2023 that includes the information requested by the Court below. To allow time for Mr. Rothschild to amend, the Case Management Conference, currently scheduled for September 14, 2023, shall be continued 90 days.

## I.   BACKGROUND

In its First Screening Order, the Court summarized the events giving rise to Mr. Rothschild's claims and so incorporates that background by reference here. See ECF No. 16 at 2. After screening the Complaint, the Court found that it did not allege a basis for subject matter jurisdiction. Id. at 3-5. Mr. Rothschild was given leave to amend his Complaint. Id. at 7.

On June 30, 2023, Mr. Rothschild filed his First Amended Complaint (FAC). ECF No. 18. The FAC dropped some claims, added new federal and state law claims, and added defendants to the action.[2] See id. On August 8, 2023, Mr. Rothschild filed his SAC.[3] ECF No. 22. The SAC is now the operative complaint in the case.[4] The remaining claims are for fraud, civil conspiracy, tortious interference with business expectancy, breach of contract, nuisance, and "personal injury." Id. at 1. These state law claims are being brought against The Pacific Companies, Caleb Roope, Stephanie Ann Gildred, Lorton Management Corporation (Lorton), and Byldan Corporation

---

[2] The FAC dropped the claims for violations of the Clean Air Act, breach of warranty, and fraud, but added claims for violations of Title II of the Americans with Disabilities Act (ADA), violations of the Fair Housing Act (FHA), civil conspiracy, unfair business practices, breach of contract, tortious interference with business expectancy, and "rat and vermin health violation[s]." ECF No. 18 at 1. The additional defendants added were Stephanie Gildred, Caleb Roope, Lorton Management Corporation, and Byldan Corporation. Id.

[3] The SAC dropped the ADA and FHA claims, as well as the claims for unfair business practices and "rat and vermin health violations[s]." ECF No. 22 at 1. The SAC also dropped the claims for negligence, negligence per se, and breach of the covenant of quiet enjoyment, all of which were part of Mr. Rothschild's original Complaint and renewed in the FAC. Id. Instead, the SAC renewed the fraud claim from the original Complaint and added brand new claims for nuisance and "personal injury." Id. The SAC did not add or remove any defendants.

[4] Mr. Rothschild filed the SAC without leave of court. However, he filed the FAC pursuant to the Court's First Screening Order, and the Ninth Circuit allows a party to make its one amendment as of right under Federal Rule of Civil Procedure 15 after it has previously amended with leave of court. See Fed. R. Civ. P. 15 advisory committee notes; see also Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002 (9th Cir. 2015) ("[Rule 15] does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made.")

1  (Byldan).  Id.

2  **II.      LEGAL STANDARD**

3  In screening an IFP complaint under Section 1915(e)(2)(B), courts assess whether the

4  complaint "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

5  325 (1989).  Courts can dismiss complaints founded on "wholly fanciful" factual allegations for

6  lack of subject matter jurisdiction.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  A

7  court can also dismiss a complaint where it is based solely on conclusory statements, naked

8  assertions without any factual basis, or allegations that are not plausible on their face.  See

9  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–

10  57 (2007); see also Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam).  Ordinarily the Court

11  must give an IFP plaintiff leave to "amend their complaint unless it is absolutely clear that the

12  deficiencies of the complaint could not be cured by amendment."  Franklin, 745 F.2d at 1235, n.9.

13  **III.     DISCUSSION**

14  **A.      Diversity Jurisdiction**

15  Because there are no claims in the SAC that arise under federal law, the Court does not

16  have federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Accordingly, the Court only has

17  subject matter jurisdiction if diversity jurisdiction exists.

18  The First Screening Order explained what diversity jurisdiction entails and how Mr.

19  Rothschild could establish the state citizenship of both corporations and natural persons.  ECF No.

20  16 at 4-5.  In the SAC, Mr. Rothschild alleges that he is domiciled in Scottsdale, Arizona,

21  Defendant Stephanie Gildred is domiciled in Tacoma, Washington, and Defendant The Pacific

22  Companies is incorporated in the state of Idaho, with headquarters in Eagle, Idaho.  ECF No. 22 at

23  1-2.  These allegations are sufficient to establish the state citizenship as to himself and two of the

24  Defendants.  However, Mr. Rothschild has failed to properly allege the state citizenship for

25  Defendants Caleb Roope, Byldan, and Lorton.

26  First, Mr. Rothshild makes no factual allegations of any kind as to the state of domicile for

27  Mr. Roope.  He alleges only that Mr. Roope is the CEO of The Pacific Companies.  Id. at 3.  But

28  simply because the Pacific Companies is a citizen of Idaho does not mean that Idaho is where Mr.

United States District Court
Northern District of California

1   Roope resides "with the intention to remain or to which [he] intends to return." Kanter v. Warner-
2   Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

3         Mr. Rothschild further alleges that Byldan is "located in California" and that Lorton "has a
4   statutory address" in Del Mar, California. ECF No. 22 at 1-2. But these factual allegations do not
5   establish where each company's place of incorporation and principal place of business are. For
6   diversity purposes, an entity that is founded and incorporated pursuant to a particular state's laws
7   is a citizen of that state, regardless of whether it is a business or nonbusiness entity, and regardless
8   of its "individual structure, purpose, operations, or name." Kuntz v. Lamar Corp., 385 F.3d 1177,
9   1183 (9th Cir. 2004). On the other hand, the phrase "principal place of business" means the place
10  where a company's board and high-level officers direct, control, and coordinate its activities,
11  which is often referred to as the company's "nerve center." See Hertz Corp. v. Friend, 559 U.S.
12  77, 80-81 (2010). Typically, the "nerve center" is at the corporate headquarters, "provided that the
13  headquarters is the actual center of direction, control, and coordination…and not simply an office
14  where the corporation holds its board meetings." Id. at 93. Importantly, a corporation is not a
15  "citizen" of every state in which it does business, or in which it has plants and offices; a
16  corporation's "nerve center" is its only "principal place of business" for diversity jurisdiction
17  purposes. Id. at 96 ("For example, if the bulk of a company's business activities visible to the
18  public take place in New Jersey, while its top officers direct those activities just across the river in
19  New York, the 'principal place of business' is New York.") Importantly, all corporations are
20  considered citizens of *both* the place of incorporation and the principal place of business. 28
21  U.S.C. § 1332(c)(1). This means that a corporation incorporated in one state, and having its
22  principal place of business in another, is a citizen of both states. For there to be complete
23  diversity, the corporation cannot be sued by another citizen of either state.

24        Mr. Rothschild must allege sufficient facts about Mr. Roope's domicile, and Byldan and
25  Lorton's place of incorporation and principal place of business, to establish each party's state
26  citizenship. Without this information, the Court cannot determine whether there is complete
27  diversity among the parties, and thus whether it has subject matter jurisdiction in this action. Mr.
28  Rothschild was informed as to this deficiency by the Court in the First Screening Order, but the

SAC failed to remedy the issue.  However, the Court is also under an obligation to give IFP plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Franklin, 745 F.2d at 1235, n.9.  Out of respect for Mr. Rothschild's pro se status, the Court gives him another opportunity to amend his allegations as to subject matter jurisdiction.

### B.    Other Deficiencies

The claims in the SAC include for the most part "threadbare recitals of the elements" for each cause of action, which by itself is not enough to state a claim on which relief may be granted. Iqbal, 556 U.S. at 678.  Some of the claims include additional factual allegations but others do not. For each cause of action, Mr. Rothschild must plead enough "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Elsewhere in the SAC, Mr. Rothschild includes a "Nexus of Events" section which summarizes the facts at issue in the case.  ECF No. 22 at 2-3.  Mr. Rothschild can incorporate these facts by reference in his allegations with respect to his individual claims.  See Fed. R. Civ. P. 10(c).  But he must allege facts that are sufficient to support the elements of each of his claims. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint…may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.")

### C.    IFP Status

In an amended complaint filed in the related case before this Court, Rothschild v. Gildred et al., Case No. 23-cv-01713-LJC, ECF No. 22 (July 27, 2023), Mr. Rothschild alleges that he "lives intermittently" at a "sober house for alcohol treatment" in Florida, and "works in Real Estate."[5]  Id. at 5.  However, in his IFP application for the present action, dated June 6, 2023, Mr. Rothschild represented to the Court under penalty of perjury that he had received no income in the preceding twelve months from "Business, profession, or other self-employment," and his only

---

[5] See Norton v. LVNV Funding, LLC, 396 F. Supp. 3d 901, 909 (N.D. Cal. 2019) (noting that "a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.") (citation omitted).

5

1  source of income was from Social Security disability benefits he receives monthly.  ECF No. 12 at

2  1.  The Court granted the IFP application on June 21, 2023.  ECF No. 16.

3       "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

4  [C]ourt shall dismiss the case at any time if the court determines that…the allegation of poverty is

5  untrue."  28 U.S.C. § 1915(e)(2)(A).  However, "[t]o dismiss [a] complaint pursuant to

6  § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy."  Escobedo v. Applebees,

7  787 F.3d 1226, 1235, n.8 (9th Cir. 2015).  To address this inconsistency as to his employment, Mr.

8  Rothschild shall file a revised IFP application that indicates under penalty of perjury whether he

9  currently works in "Real Estate," and whether he was doing this work at the time he filed his IFP

10  application in June.  If there is any source of income that was not disclosed in his original IFP

11  application, Mr. Rothschild shall explain why that information was omitted.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that the SAC fails to state a claim pursuant to 28 U.S.C. § 1915(e).  The Court orders Mr. Rothschild to file a third amended complaint and a revised IFP application addressing the questions and deficiencies identified in this order by September 22, 2023.  If he does not file a timely third amended complaint or does not address all the questions and deficiencies identified by the Court in this screening order, the Court will recommend that this action be dismissed.  To allow time for Mr. Rothschild to amend, the Case Management Conference, currently scheduled for September 14, 2023, shall be continued 90 days.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge