UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER AMSCHEL ROTHSCHILD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PACIFIC COMPANIES,<br><br>    Defendant. | Case No. 23-cv-01721-LJC<br><br>**ORDER DENYING MOTION TO ADD ADDITIONAL DEFENDANT; DIRECTING UNITED STATES MARHAL TO EFFECTUATE SERVICE** |

The Court previously issued two orders screening *pro se* Plaintiff Mayer Amschel Rothschild's[1] complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) and provided him with opportunities to fix deficiencies therein. ECF Nos. 16, 23. The current operative complaint in this action is the Third Amended Complaint (TAC) filed on September 29, 2023. ECF No. 25. On November 30, 2023, Mr. Rothschild filed a Motion to Add Additional Defendant. ECF No. 28. Mr. Rothschild has consented to magistrate judge jurisdiction. ECF No. 9. For the reasons detailed below, the Court **DENIES** the Motion to Add Additional Defendant, but orders the United States Marshal to effectuate service on Defendant The Pacific Companies.

**I.    BACKGROUND**

On April 10, 2023, Mr. Rothschild filed his Complaint and motion for leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 3. The Complaint set forth various grievances against The Pacific Companies related to the construction of a five-story parking garage in Burlingame,

---

[1] Mr. Rothschild filed this action and the Third Amended Complaint as Thomas Etienne Rothschild. *See* ECF Nos. 1, 25. On November 13 and 14, 2023, he filed two Notices of Change of Address, one of which attached an Order Changing Name of An Adult from the Superior Court of Arizona in Maricopa County. ECF Nos. 26, 27. That state court order shows that Mr. Rothschild's legal name is now Mayer Amschel Rothschild. ECF No. 27-1.

1  California. ECF No. 1. On May 2, 2023, the Court denied Mr. Rothschild's IFP application

2  without prejudice because it was incomplete. ECF No. 8. Mr. Rothschild filed a revised IFP

3  application on May 25, 2023. ECF No. 12. He also filed a Motion to Amend the Complaint, Add

4  Defendants, and Correct Venue (Motion to Amend) on June 12, 2023. ECF No. 15.

5        The Court conducted an initial screening review of the Complaint pursuant to 28 U.S.C.

6  § 1915(e)(2)(B) (First Screening Order) on June 21, 2023. ECF No. 16. Although the Court

7  granted Mr. Rothschild's revised IFP application, it found that the Complaint failed to establish

8  federal subject matter jurisdiction because the only federal claim, a claim for violations of the

9  Clean Air Act, was not a cognizable cause of action. *Id.* at 1, 4. The Court was also unable to

10  determine whether there was diversity jurisdiction under 28 U.S.C. § 1332 because the Complaint

11  failed to properly allege state citizenship as to all parties in the action. *Id.* at 5. As a result, the

12  Court granted Mr. Rothschild's Motion to Amend and ordered him to submit an amended

13  complaint. *Id.* at 7.

14        Mr. Rothschild filed his First Amended Complaint (FAC) on June 30, 2023. ECF No. 18.

15  On August 8, 2023, he used his one amendment as of right under Federal Rule of Civil Procedure

16  15(a)(1) to file his Second Amended Complaint (SAC). ECF No. 22. The SAC dropped some

17  claims and added new ones. *Id.* at 1. The only remaining claims were all under state law. *Id.*

18  The SAC also added additional defendants: Caleb Roope, Stephanie Ann Gildred, Lorton

19  Management Corporation (Lorton), and Byldan Corporation (Byldan). *Id.*

20        In its second screening order under 28 U.S.C. § 1915(e)(2)(B) (Second Screening Order),

21  the Court found that the SAC failed to establish a basis for federal subject matter jurisdiction.

22  ECF No. 23 at 3–5. The SAC did not allege sufficient facts about Mr. Roope's domicile, or

23  Byldan's and Lorton's place of incorporation and principal place of business, to establish each

24  party's state citizenship for purposes of diversity jurisdiction. *Id.* at 4. In addition, the Court

25  found that the claims in the SAC included for the most part "threadbare recitals of the elements"

26  that required additional factual support. *Id.* at 5. Finally, the Court determined that it required

27  additional information from Mr. Rothschild as to his allegations of poverty under Section

28  1915(e)(2)(A). *Id.* at 5–6. The Court ordered Mr. Rothschild to file an amended complaint and

1  another revised IFP application by September 22, 2023. *Id.* at 6.

2  Mr. Rothschild filed the TAC on September 29, 2023. ECF No. 25. To date he has not
3  filed a more recent revised IFP application, although he did file a revised IFP application in
4  *Rothschild v. Gildred et al.*, Case No. 23-cv-01713 (ECF No. 29), a related case previously before
5  the Court. In the TAC, Mr. Rothschild purports to drop Mr. Roope, Ms. Gildred, Byldan, and
6  Lorton as defendants, leaving The Pacific Companies as the sole remaining defendant. ECF No.
7  25 at 2. In a "Nexus of Events" section of the TAC, he alleges that Mr. Roope, as CEO of The
8  Pacific Companies, drafted a terms sheet which Mr. Rothschild and Ms. Gildred signed and
9  executed to build a five-story condominium development on a Burlingame, California property
10 that Mr. Rothschild had resided in with Ms. Gildred for ten years. *Id.* at 4. This condominium
11 development would be adjacent to a five-story parking garage already being developed by The
12 Pacific Companies. *Id.* Mr. Rothschild further alleges that Ms. Gildred decided to not move
13 forward with the development and proceeded to sell the property without his involvement, thus
14 depriving him of "both the development and the sales proceeds of the property." *Id.* According to
15 Mr. Rothschild, The Pacific Companies conspired with Ms. Gildred to "deprive" him of the
16 "Future Business Expectancy" of selling the property. *Id.*

17 Finally, Mr. Rothschild alleges that the parking garage construction next door to where he
18 and Ms. Gildred resided led to "substantial and unreasonable interference" with his "use and
19 enjoyment" of the property. *Id.* at 11. The "interference" was related to "noise, odors, vibrations,
20 pollution or other factors" which caused Mr. Rothschild emotional and physical injuries. *Id.* at
21 11–12. The only claims in the TAC are for fraud, civil conspiracy, tortious interference with
22 business expectancy, breach of contract, nuisance, and personal injury. *Id.* at 1. Mr. Rothschild
23 seeks actual damages of $5 million and $50 million in punitive damages. *Id.* at 9, 13.

24 After filing the TAC, Mr. Rothschild filed a Motion to Add Additional Defendant, with a
25 request to add Steven Wagstaffe as a defendant to this action as well as claims against him for
26 violation of Mr. Rothschild's civil rights under the Fourth and Fourteenth Amendments. ECF No.
27 28 at 2, 6. According to Mr. Rothschild, Mr. Wagstaffe has "illegally intervened" in the
28 adjudication of this action before the Court. *Id.* at 2.

## II. DISCUSSION

### A. IFP Status

In an amended complaint filed in *Gildred*, Mr. Rothschild alleged that he "lives intermittently" at a "sober house for alcohol treatment" in Florida, and "works in Real Estate." Case No. 23-cv-01713, ECF No. 22 at 5. However, in his revised IFP application for the present action, dated June 6, 2023, Mr. Rothschild stated under penalty of perjury that he had received no income in the preceding twelve months from "Business, profession, or other self-employment," and his only source of income is from Social Security disability benefits he receives monthly. ECF No. 12 at 1. The Court granted Mr. Rothschild's revised IFP application in its First Screening Order on June 21, 2023. ECF No. 16.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the [C]ourt shall dismiss the case at any time if the court determines that…the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). However, "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235, n.8 (9th Cir. 2015). To address this inconsistency in the record as to Mr. Rothschild's employment, in its Second Screening Order, the Court ordered him to file another revised IFP application clarifying all his sources of income. ECF No. 23 at 6. Although Mr. Rothschild did not file anything in this action, the Court takes judicial notice of the IFP application filed in *Gildred*. *See Norton v. LVNV Funding, LLC*, 396 F. Supp. 3d 901, 909 (N.D. Cal. 2019) (noting that "a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence") (citation omitted). In that application, dated September 12, 2023, Mr. Rothschild stated under penalty of perjury that he had received "no income from real estate sales" within the past twelve months and that he "currently [had] lawsuits with Coldwell [B]anker, [S]chooner [B]ay [R]ealty for wrongful discharge." *Gildred*, Case No. 23-cv-01713, ECF No. 29 at 2. The Court is hereby satisfied that Mr. Rothschild's allegations of poverty in this action are sufficient and revocation of his IFP status is not warranted at this time.

### B. Motion to Add Additional Defendant

After filing the TAC, Mr. Rothschild filed a Motion to Add Additional Defendant which

4

1  requests leave to join Mr. Wagstaffe as a defendant and assert federal claims against him for
2  violation of his federal constitutional rights. ECF No. 28. At no point does Mr. Rothschild
3  contend that Mr. Wagstaffe was involved in the events which gave rise to the existing claims in
4  the TAC. Rather, Mr. Rothschild alleges that Mr. Wagstaffe has "effectively interfered" in the
5  adjudication of his claims before the Court in this case. *Id.* at 6. He makes no allegations as to
6  how Mr. Wagstaffe has interfered. According to Mr. Rothschild, Mr. Wagstaffe, District Attorney
7  for San Mateo County, unfairly prosecuted him in state court and pursued his conviction in an
8  unrelated criminal case "for his record because he planned to run for Governor." *Id.* Mr.
9  Rothschild alleges that this is a "personal" matter for Mr. Wagstaffe, and that Mr. Wagstaffe
10 violated his civil rights under the Fourth and Fourteenth Amendments. *Id.*

11 Although Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to freely
12 give leave to amend "when justice so requires," the circumstances here do not warrant providing
13 Mr. Rothschild such an opportunity. In determining whether to grant a motion to amend, courts
14 may consider, *inter alia*, "undue delay, bad faith or dilatory motive on the part of the movant,
15 repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the
16 opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sharkey v.
17 O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

18 Mr. Rothschild was granted two opportunities by the Court to amend his complaint
19 pursuant to the First and Second Screening Orders. ECF Nos. 16, 23. And he also used his one
20 amendment as of right under Rule 15(a)(1) to file the SAC without a court order. ECF No. 22. He
21 did not join Mr. Wagstaffe as a defendant then despite his suggestion now that the criminal case
22 which Mr. Wagstaffe prosecuted has been ongoing for a significant amount of time. *See* ECF No.
23 36 at 6 ("This case has been going on long after the statutory laws of length and time of
24 prosecution.") More importantly, Mr. Rothschilds requests leave to add a defendant and federal
25 claims against that defendant with no connection to the claims presently asserted in the TAC. *See
26 Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1254 (N.D. Cal. 2014) (denying leave to
27 amend where the plaintiff requested leave to amend "irrelevant and unrelated defendants" with no
28 relationship to "the employment claims alleged in this action.")

     Finally, Mr. Rothschild has already asserted claims for the violation of his federal constitutional rights by Mr. Wagstaffe before this Court. He recently filed a civil rights action against Mr. Wagstaffe and other defendants, which is based on allegations very similar to those made in the Motion to Add Additional Defendant. *See Rothschild v. Wagstaffe et al.*, Case No. 23-cv-05739-LJC, ECF No. 1. The Court granted Mr. Rothschild's IFP application in that case and screened his complaint pursuant to Section 1915(e)(2)(B). *See id.*, ECF No. 11. He has been given the opportunity to file an amended complaint to fix deficiencies therein. *Id.* Thus, there is no prejudice to Mr. Rothschild in denying him the opportunity to add Mr. Wagstaffe as a defendant to this action.

### C. Section 1915(e)(2)(B) Screening and Ordering Service

     Section 1915(e)(2)(B) mandates that the Court review an IFP complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se pleadings must be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

     Here, in a "Nexus of Events" section of the TAC, Mr. Rothschild alleges that he and Ms. Gildred signed and executed a term sheet with The Pacific Companies to build a five-story condominium development on a Burlingame, California property that Mr. Rothschild had resided in with Ms. Gildred for ten years. ECF No. 25 at 4. Mr. Rothschild further alleges that Ms. Gildred decided to not move forward with the development and proceeded to sell the property

6

1  without his involvement, and that this was done in conspiracy with The Pacific Companies to
2  deprive him of the proceeds from the sale. *Id.* Finally, Mr. Rothschild alleges that the parking
3  garage construction being completed by The Pacific Companies which took place next door to
4  where he lived with Ms. Gildred caused him mental and physical injuries because of "noise, odors,
5  vibrations, pollution," among other factors. *Id.* at 11–12.

6  The Court finds that, liberally construed, Mr. Rothschild's TAC establishes facially
7  plausible claims for fraud, civil conspiracy, tortious interference with business expectancy, breach
8  of contract, nuisance, and personal injury which are sufficient to meet the screening requirement
9  under 28 U.S.C. § 1915(e)(2)(B). Moreover, Mr. Rothschild's allegations are sufficient to
10 establish diversity jurisdiction under 28 U.S.C. § 1332. He alleges that The Pacific Companies is
11 incorporated and has its principal place of business in Eagle, Idaho, and that he lives in and is
12 domiciled in Florida. *Id.* at 2.[2] Having found the TAC sufficient under 28 U.S.C. § 1915, the
13 Court **ORDERS** that the Clerk issue summons and that the U.S. Marshal proceed with service
14 pursuant to Rule 4(c)(3).

**III. CONCLUSION**

For the reasons set forth above, the Court **DENIES** the Motion to Add Additional
Defendant. The Court also finds that, liberally construed, the TAC states cognizable claims
against The Pacific Companies. The Clerk shall issue summons and the U.S. Marshal shall serve,
without prepayment of fees, a copy of the operative complaint (ECF No. 25), with all attachments
thereto, scheduling orders and other documents specified by the Clerk, and a copy of this Order
upon The Pacific Companies at 430 E. State Street, Eagle, Idaho 83616.

//
//
//
//

---

[2] Mr. Rothschild simultaneously alleges that he lives in and is domiciled in Arizona, but only provides an address in Cape Coral, Florida. ECF No. 25 at 2. In deference to his *pro se* status, the Court will construe this as a typographical error. Either way, there would still be complete diversity between the parties to establish the Court's diversity jurisdiction.

To allow time for the U.S. Marshal to effectuate service on Mr. Rothschild's behalf, and for the case to proceed to the next phase of litigation, the Case Management Conference currently scheduled for February 15, 2024, shall be continued to April 18, 2024, at 1:30 p.m. via Zoom.

**IT IS SO ORDERED.**

Dated: February 14, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge