UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER AMSCHEL ROTHSCHILD,<br>　　　　Plaintiff,<br>　　v.<br>THE PACIFIC COMPANIES,<br>　　　　Defendant. | Case No. 23-cv-01721-LJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RELATE AND FOR CONSOLIDATION; DENYING MOTION FOR RECUSAL**<br><br>Re: ECF Nos. 50, 51 |

Pending before the Court is Defendant The Pacific Companies' Motion to Relate and for Consolidation (ECF No. 50) as well as Plaintiff Mayer Amschel Rothschild's "Motion for Magistrate Judge Lisa J. Cisneros to recuses herself and a Federal Court Judge to replace Judge Cisneros" (hereinafter, Motion for Recusal) (ECF No. 51). Oppositions to both motions were filed. ECF Nos. 52, 53. The Court finds the motions suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Relate and For Consolidation and **DENIES** the Motion for Recusal.

**I.    BACKGROUND**

Mr. Rothschild brought this action *in forma pauperis* (IFP) against The Pacific Companies on April 20, 2023. ECF No. 1. The Court screened Mr. Rothschild's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found that it did not sufficiently allege a basis for subject matter jurisdiction. ECF No. 16. Mr. Rothschild was granted leave to amend. He filed the First Amended Complaint (FAC) on June 30, 2023. ECF No. 18. On August 8, 2023, he filed the

1   Second Amended Complaint (SAC).[1]  ECF No. 22.  The SAC joined additional defendants—

2   Caleb Roope, Stephanie Ann Gildred, Lorton Management Corporation (Lorton), and Byldan

3   Corporation (Byldan).  *See id.*  The Court once again screened the SAC pursuant to 28 U.S.C.

4   § 1915(e)(2)(B) and found that it failed to allege a basis for subject matter jurisdiction.  ECF No.

5   23.  In addition, the Court found that the SAC failed to state a claim on which relief could be

6   granted.  *Id.* at 5.  Mr. Rothschild was given leave to amend.

7        On September 29, 2023, Mr. Rothschild filed the Third Amended Complaint (TAC).  ECF

8   No. 25.  The TAC is the current operative complaint in this action.  Mr. Rothschild dropped Mr.

9   Roope, Ms. Gildred, Byldan, and Lorton as defendants, leaving The Pacific Companies as the sole

10  remaining defendant.  *See id.*  The TAC brings claims for fraud, civil conspiracy, tortious

11  interference with business expectancy, breach of contract, nuisance, and personal injury.  *Id.*  It

12  also alleges that The Pacific Companies is incorporated and has its principal place of business in

13  Eagle, Idaho, and that Mr. Rothschild lives in and is domiciled in Florida.[2]  *Id.*

14       In terms of the substance of Mr. Rothschild's claims, he alleges that Mr. Roope, as CEO of

15  The Pacific Companies, drafted a terms sheet which Mr. Rothschild and Ms. Gildred signed and

16  executed to build a five-story condominium development on a Burlingame, California property

17  that Mr. Rothschild had resided in with Ms. Gildred for ten years.  *Id.* at 4.  This condominium

18  development would be adjacent to a five-story parking garage already being developed by The

19  Pacific Companies.  *Id.*  Mr. Rothschild further alleges that Ms. Gildred decided to not move

20  forward with the development and proceeded to sell the property without his involvement, thus

21  depriving him of "both the development and the sales proceeds of the property."  *Id.*  According to

---

[1] Mr. Rothschild filed the SAC without leave of court.  However, he filed the FAC pursuant to the Court's Section 1915(e)(2)(B) screening order, and the Ninth Circuit allows a party to make its one amendment as of right under Federal Rule of Civil Procedure 15 after it has previously amended with leave of court.  *See* Fed. R. Civ. P. 15 advisory committee notes; *see also Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015) ("[Rule 15] does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made.")

[2] Mr. Rothschild simultaneously alleges that he lives in and is domiciled in Arizona, but only provides an address in Cape Coral, Florida.  ECF No. 25 at 2.  In deference to his *pro se* status, the Court will construe this as a typographical error.  Either way, there would still be complete diversity between the parties to establish the Court's diversity jurisdiction.

1    Mr. Rothschild, The Pacific Companies conspired with Ms. Gildred to "deprive" him of the

2    "Future Business Expectancy" of selling the property.  *Id.*  Finally, Mr. Rothschild alleges that the

3    parking garage construction next door to where he and Ms. Gildred resided led to "substantial and

4    unreasonable interference" with his "use and enjoyment" of the property.  *Id.* at 11. The

5    "interference" was related to "noise, odors, vibrations, pollution or other factors" which caused

6    Mr. Rothschild emotional and physical injuries.  *Id.* at 11–12.

7        After screening the TAC pursuant to 28 U.S.C. § 1915(e)(2)(B), and liberally construing it

8    in deference to Mr. Rothschild's pro se status, *see United States v. Qazi*, 975 F.3d 989, 993 (9th

9    Cir. 2020), the Court found that the TAC states cognizable claims against The Pacific Companies,

10   and ordered the Clerk to issue summons and the U.S. Marshal to proceed with service pursuant to

11   Rule 4(c)(3) of the Federal Rules of Civil Procedure.  ECF No. 28.  The Pacific Companies was

12   served on March 5, 2024.  ECF No. 39.  On March 26, 2024, the Court granted The Pacific

13   Companies' request for an extension of time to file a response to the TAC.  ECF No. 45.  Its

14   response is due by May 24, 2024.  *Id.*

15       On April 12, 2024, The Pacific Companies filed the Motion to Relate and for

16   Consolidation.  ECF No. 50.  On April 14, 2024, Mr. Rothschild filed the Motion for Recusal.

17   ECF No. 51.  That same day, Mr. Rothschild also filed his Opposition to the Motion to Relate and

18   for Consolidation.  ECF No. 52.  On April 18, 2024, The Pacific Companies filed its Opposition to

19   the Motion for Recusal.  ECF No. 53.

20   **II.    DISCUSSION**

21       **A.    Motion to Relate and for Consolidation**

22       The Pacific Companies requests that this case be considered related to *Rothschild v.*

23   *Gildred et al*, Case No. 23-cv-02105-AGT pursuant to Civil Local Rule 3-12, and that the cases be

24   consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.  ECF No. 50.  In his

25   Opposition to the Motion to Relate and for Consolidation, Mr. Rothschild opposes consolidation

26   (ECF No. 52 at 1) but does not present any argument for the Court's consideration as to why

27   relating or consolidating the cases is not appropriate.  He does, however, request that: (1) The

28   Court "oversee communications between the defendants' attorneys to ensure a respectful and fair

1   atmosphere both in and out of the courtroom"; and (2) The case be transferred to "the Tampa U.S.
2   District Court," though he does not specify which of the two cases he would like transferred. *Id.*
3   at 2.

### 1. Civil Local Rule 3-12 Relatedness

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(1)–(2). An Administrative Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case, and the Judge who is assigned to the lowest-numbered case will decide if the cases are or are not related. *See* Civ. L.R. 3-12(b), (f).

The Pacific Companies argues that the actions are related because they concern the same parties—the defendants in *Gildred* are Ms. Gildred and Lorton (*see* Case No. 23-cv-02105-AGT, ECF No. 12), who were previously defendants in this case. The two actions also concern the same "property (the parking garage and adjacent multi-family complex), alleged transactions and events (the construction of the garage and the alleged negotiations for development), and contended grievances (alleged health problems/loss of monetary gain)." ECF No. 50 at 2. Counsel for defendants in both actions is the same. The Pacific Companies argues that the two cases should be related "[g]iven this substantial overlap between these cases," to avoid duplication of labor or conflicting results. *Id.*

As the Judge assigned to the lowest-numbered case, the undersigned finds that *Rothschild v. Gildred et al*, Case No. 23-cv-02105-AGT is related and that the case should be reassigned to me. Although the cases no longer concern the same defendants, they do concern the same Burlingame, California property, and the same alleged contract between Mr. Rothschild, Ms. Gildred, and The Pacific Companies. The Court also finds that relating the two cases will avoid any unduly burdensome duplication of labor and expense or conflicting results. Accordingly, the request to relate the two cases is **GRANTED**.

### 2. Consolidation

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)–(3). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

The Pacific Companies requests that the two actions be consolidated pursuant to Rule 42. However, it conflates the analysis on consolidation with its analysis as to whether the cases should be related pursuant to Civil Local Rule 3-12. The Pacific Companies does not present any argument specific to consolidation, nor does it indicate one way or another whether the two cases "involve a common question of law or fact." The request to consolidate the cases is, therefore, **DENIED** without prejudice as to The Pacific Companies' ability to bring a future motion for consolidation. The Court will discuss the possibility of consolidation with all parties from both cases at the next Case Management Conference. Parties in both related cases shall address in their respective Joint Case Management Statements whether any specific part of pretrial proceedings should be consolidated. The Court may direct the parties to file a motion to consolidate that provides a more specific proposal for what aspects of the proceedings should be consolidated.

### 3. Plaintiff's Request for Court Oversight

Mr. Rothschild's request that the Court "oversee communications" between the parties is **DENIED**. It is not the Court's job to "oversee communications" between parties. All individuals litigating before the Court, whether an attorney or a *pro se* party, are bound by the Federal Rules of Civil Procedure as well as the Civil Local Rules. *See* Civ L.R. 3-9(a), 11-1. Attorneys are separately bound by the standards of professional conduct required of members of the State Bar of California, and the Guidelines for Professional Conduct in the Northern District of California apply to all attorneys who practice before this Court. *See* Civ. L.R. 11-1(c), 11-4(a). These rules are sufficient to ensure the fair and efficient administration of justice as to these proceedings.

### 4. Plaintiff's Request for Transfer

Mr. Rothschild's request for a transfer to the "Tampa U.S. District Court" is **DENIED**. Requests for transfer to another U.S. District Court must be brought pursuant to the change of venue process governed by 28 U.S.C. § 1404(a). Mr. Rothschild has submitted no argument nor cited to any supporting legal authority demonstrating why a change of venue would be appropriate under Section 1404(a). Moreover, Mr. Rothschild himself represents in another portion of his Opposition to the Motion to Relate and for Consolidation that "[i]t is the contention of the Plaintiff that this court, due to considerations of diversity, serves as the appropriate venue for these proceedings." ECF No. 52 at 1. The denial is without prejudice as to Mr. Rothschild's ability to bring another more substantive request for change of venue, if appropriate.

### B. Motion for Recusal

Mr. Rothschild requests that the undersigned recuse herself from this matter because she has "cast dispersions" on him as the Plaintiff and cast "doubt" as to his ability to "respond and stay abreast of hearings." ECF No. 51 at 1. He argues that the Court "does not like him" and has included "rhetoric" and "negative comments" in orders "disparaging" Mr. Rothschild. *Id.* at 2. Mr. Rothschild references only a Report and Recommendation that the undersigned issued in another case, *Rothschild v. Wagstaffe et al*, Case No. 23-cv-05739-CRB, with a recommendation to dismiss the complaint and all his claims.[3] *Id.* Finally, he provides a long list of approximately forty cases (*see id.*) but offers no argument as to how these cases support his request for recusal.

In its Opposition, The Pacific Companies presumes that Mr. Rothschild's request for recusal is pursuant to 28 U.S.C. § 144. The Court notes that recusal is also governed by 28 U.S.C. § 455. "Under both statutes, recusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Harper v. Lugbauer*, No. C 11-01306 JW, 2012 WL 734167, at *1 (N.D. Cal. Mar. 6, 2012) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993)). Recusal is justified "either

---

[3] On April 15, 2024, Judge Charles R. Breyer, the newly assigned Judge in the *Wagstaffe* case, adopted the undersigned's Report and Recommendation in full, dismissed the complaint with prejudice, and entered judgment for the defendants and against Mr. Rothschild. ECF Nos. 18, 19.

by actual bias or the appearance of bias." *Id.* Under either statute, Mr. Rothschild has failed to demonstrate that recusal is justified here.

### 1. Section 144

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The affidavit shall, *inter alia*, "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* "Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification." *Harper*, 2012 WL 734167, at *2 (citation omitted).

As The Pacific Companies notes, Mr. Rothschild "failed to submit an affidavit, which is fatal" to his request. ECF No. 53 at 1. More importantly, "[a]n adverse judicial ruling is not an adequate basis for recusal." *Stebbins v. Polano*, No. 21-CV-04184-JSW, 2021 WL 8532245, at *1 (N.D. Cal. Oct. 22, 2021). The party requesting recusal pursuant to Section 144 must prove facts "that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *see Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (defining an extrajudicial source as a source other than "conduct or rulings made during the course of the proceeding"). "Absent some evidence of bias or prejudice originating outside of a proceeding, favoritism or antagonism exhibited in a judge's rulings may be considered as a basis for disqualification 'only in the rarest circumstances.'" *Stebbins*, 2021 WL 8532245, at *1 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Mr. Rothschild claims that the Court has cast "dispersions" and "doubt" on him and made "negative comments" about him. ECF No. 51 at 1–2. But he relies only on the Court's orders and recommendations in this case and in the *Wagstaffe* case. These are not extrajudicial sources. The Court's orders and recommendations were issued as part of its duty to screen Mr. Rothschild's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), given his IFP status. The Court identified

7

1  deficiencies in Mr. Rothschild's complaints and provided him with opportunities to fix those
2  deficiencies by filing amended complaints. In cases where Mr. Rothschild did not fix those
3  deficiencies, the undersigned recommended dismissal of the complaint. This is part of the process
4  for IFP litigants. That Mr. Rothschild has not liked the Court's orders and recommendations does
5  not mean that recusal is appropriate in this instance. *See Mikhak v. Univ. of Phoenix*, No. 21-CV-
6  06919-CRB, 2022 WL 1150840, at *2 (N.D. Cal. Mar. 1, 2022), *appeal dismissed sub nom.*
7  *Mikhak v. Univ. of Phoenix, Inc.*, No. 22-16201, 2022 WL 16831927 (9th Cir. Aug. 19, 2022)
8  ("Rulings that a party disagrees with do not demonstrate bias.")

### 2. Section 455

Section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "As with § 144, the provisions of § 455(a) & (b)(1) require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Malberg v. Cashen*, No. 22-CV-01788-BLF, 2022 WL 16839486, at *2 (N.D. Cal. Nov. 9, 2022) (quoting *Toth*, 862 F.2d at 1388). And "as with § 144, it is appropriate for a judge to deny a recusal motion if the motion is legally insufficient." *Id.*

Recusal is not justified under Section 455(a) and (b)(1) for the same reasons given above as to why recusal is not justified under Section 144. Mr. Rothschild's Motion for Recusal is "legally insufficient." He relies only on extrajudicial sources in support of his request for recusal, which are not a basis for disqualification. Accordingly, Mr. Rothschild's Motion for Recusal is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, The Pacific Companies' Motion to Relate and for Consolidation is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of the Court is directed to reassign Case No. 23-cv-02105-AGT to the undersigned. Once the case is reassigned, the Clerk shall set a Case Management Conference for July 25, 2024, at 1:30 p.m. via Zoom videoconference. The Joint Case Management Conference Statement shall be due by July 16, 2024. The parties are

8

instructed that all future filings in any reassigned care are to bear the initials of the newly assigned judge immediately after the case number.  Mr. Rothschild's Motion for Recusal is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 26, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge