1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

MAYER AMSCHEL ROTHSCHILD,

Plaintiff,

v.

THE PACIFIC COMPANIES,

Defendant.

Case No. 23-cv-01721-LJC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 83

12

13

14

15

16

17

18

19

20

21

Before the Court is Defendant The Pacific Company's Motion to Dismiss Plaintiff Mayer Amschel Rothschild's Fourth Amended Complaint. The Court held a hearing on this motion and the pending motion to dismiss in the related case, *Rothschild v. Gildred*, 23-cv-02105-LJC (N.D. Cal.), on June 17, 2025. Having considered the papers submitted by the parties and the oral arguments presented, for the reasons discussed below, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims for fraud, civil conspiracy, public nuisance, and punitive damages are dismissed with prejudice. Plaintiff's claim for private nuisance is dismissed without prejudice. Plaintiff may file his Seventh Amended Complaint[1] asserting a claim for private nuisance only by July 14, 2025.

22

**I.    BACKGROUND[2]**

23

Plaintiff previously lived with his former fiancé, Stephanie Gildred, in a multi-family

24

25

26

27

28

[1] After filing his Fourth Amended Complaint, Plaintiff filed a Fifth and Sixth Amended Complaint without leave of the Court. *See* ECF No. 79, 82. As discussed below, the Fifth and Sixth Amended Complaints are stricken.
[2] Because a plaintiff's factual allegations are generally taken as true in resolving a motion to dismiss under Rule 12(b)(6), this section summarizes Plaintiff's allegations as if true. Plaintiff's Fourth Amended Complaint, the operative complaint at this point in the litigation, is somewhat sparse on factual allegations and accordingly the Court cites to Plaintiff's earlier allegations where necessary for context.

United States District Court
Northern District of California

1   residential apartment complex at 128 Lorton Avenue, Burlingame, California, owned by Gildred

2   and her property management company, Lorton Management Group (Lorton Management).

3   While Plaintiff was living at 128 Lorton with Gildred, Defendant began construction on a five-

4   story parking garage next door.  *See* ECF No. 25 at 4.[3]  Defendant's construction at the

5   neighboring property caused a nuisance that impacted Plaintiff and "a substantial number of

6   people within the community[.]"  ECF No. 75 at 2-3.

7       At some point prior to July 2019, Defendant met with Plaintiff and Gildred to try to induce

8   Plaintiff to invest 128 Lorton Avenue in a property development venture.  *Id.* at 2.  Defendant told

9   Plaintiff that this investment was "risk-free and guaranteed to yield a 20% return within six

10  months[,]" but failed to inform Plaintiff that Defendant was under investigation for financial

11  misconduct.  *Id.* at 1-2.  Plaintiff invested in Defendant's "business venture" and lost $5,000,000.

12  *Id.*  at 2. Plaintiff moved out of 128 Lorton Avenue in December 2020 and sued Defendant in

13  April 2023 regarding the failed business venture, bringing claims for breach of quiet enjoyment,

14  strict liability, breach of warranty, negligence, and negligence per se.  ECF No. 1.  In May 2023,

15  Plaintiff sued Gildred and Lorton Management regarding the same dispute.  *See Rothschild v.*

16  *Gildred,* 23-cv-02105-LJC (N.D. Cal. May 1, 2023), ECF No. 1.

17      Plaintiff requested leave to amend his complaint in this action, which was granted.

18  *Rothschild v. The Pacific Companies*, 23-cv-01721-LJC, ECF Nos. 15, 16.  He amended his

19  complaint and then filed a Second Amended Complaint.  ECF Nos. 18, 22.  His Second Amended

20  Complaint asserts claims for civil conspiracy, fraud, tortious interference with a business

21  expectancy, breach of contract, nuisance, and personal injury.  ECF No. 22.  As Plaintiff had

22  applied to proceed in forma pauperis, the Court screened the operative Second Amended

23  Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to allege that the

24  Court had subject matter jurisdiction over the case.  ECF No. 23.  The Court advised Plaintiff that

25  the Second Amended Complaint was primarily comprised of "threadbare recitals of the elements

26  for each cause of action, which by itself is not enough to state a claim on which relief may be

27

28  [3] Unless otherwise noted, this Order refers to page numbers as assigned by the Court's ECF filing
    system.

United States District Court
Northern District of California

granted." *Id.* at 5 (quotations omitted).  The Court explained that Plaintiff's Third Amended

Complaint needed to "allege facts that are sufficient to support the elements of each of his claims"

rather than just list the elements.  *Id.*  Plaintiff then filed his Third Amended Complaint, asserting

claims for punitive damages, fraud, civil conspiracy, tortious interference with a business

expectancy, breach of contract and nuisance.  ECF No. 25.[4]  Defendant filed a motion to dismiss,

which the Court granted in part and denied in part.  ECF No. 73.  The Court did not dismiss

Plaintiff's claim for private nuisance.  *Id.* at 17.  The Court dismissed Plaintiff's breach of contract

and tortious interference with business expectancy claims with prejudice and explained that

Plaintiff's request for "punitive damages" was not a stand-alone cause of action.  *Id.* at 12-13, 19.

The Court dismissed Plaintiff's other claims—for fraud, civil conspiracy related to his fraud claim,

and public nuisance—without prejudice and instructed that Plaintiff could file an amended

complaint to "pursue any of the claims dismissed without prejudice[.]"  *Id.* at 1, 13, 18.  The Court

directed Plaintiff to file his Fourth Amended Complaint no later than March 25, 2025.  *Id.* at 1.

Plaintiff proceeded to file his Fourth Amended Complaint on March 24, 2025, asserting

claims for fraud, civil conspiracy, nuisance, and punitive damages.  ECF No. 75.  He filed a

second copy of his Fourth Amended Complaint on April 4, 2025, which the Court struck as it was

filed without leave.  ECF Nos. 79, 81.[5]  Plaintiff then requested that the case be stayed as he was

experiencing medical issues.  ECF No. 80.  The Court stayed the case for thirty days and extended

Defendant's deadline to respond to Plaintiff's Fourth Amended Complaint to May 8, 2025.  ECF

No. 81.  While the case was stayed and without leave of the Court, Plaintiff proceeded to file a

further amended complaint, his sixth, on May 5, 2025.[6]  ECF No. 82.  The Sixth Amended

Complaint asserts claims for fraud, civil conspiracy, tortious interference with prospective

economic advantage, breach of contract, nuisance, negligence and intentional misconduct, and

unjust enrichment.  *Id.*

---

[4] Plaintiff appears to have filed two identical copies of his Third Amended Complaint, at ECF Nos. 24 and 25.  The Court cites to the copy at ECF No. 25.
[5] The Court refers to the complaint filed at ECF No. 79 as the Fifth Amended Complaint.
[6] The Court refers to the pleading at ECF No. 82 as Plaintiff's Sixth Amended Complaint although it is titled "Fourth Amended Complaint".

1    Pursuant to the Court's previous order, Defendant filed its motion to dismiss the Fourth

2    Amended Complaint on May 7, 2025, arguing that Plaintiff had again failed to allege sufficient

3    facts to state a claim.  ECF No. 83.  Defendant requested that the Court strike Plaintiff's Sixth

4    Amended Complaint as being untimely filed.  *Id.* at 2 n.1.  Plaintiff opposed the motion to dismiss,

5    Defendant filed a reply brief, and, without leave of the Court, Plaintiff filed a sur-reply.  ECF Nos.

6    84, 86-87.  The Court held a hearing the motion to dismiss on June 17, 2025.

7    **II.     SIXTH AMENDED COMPLAINT**

8    Federal Rule of Civil Procedure 15(a)(1) provides that a "party may amend its pleading

9    once as a matter of course no later than" twenty-one days after service or twenty-one days after

10   service of a responsive pleading or motion.  "In all other cases, a party may amend its pleading

11   only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

12   Plaintiff here filed his Sixth Amended Complaint without seeking or obtaining leave of the Court

13   or Defendant's permission, well after the Court's March 25, 2025 deadline and days before

14   Defendant's response to Plaintiff's Fourth Amended Complaint was due.  *See* ECF Nos. 57, 58.

15   Plaintiff's failure to obtain the Court's leave to amend is sufficient grounds to strike the Sixth

16   Amended Complaint.  *Taa v. Chase Home Fin., LLC*, No. 11-CV-00554, 2012 WL 507430, at *1

17   (N.D. Cal. Feb. 15, 2012) ("An amendment that has been filed or served without leave of court or

18   consent of the defendants is without legal effect."); *see Amezquita v. Garcia-Cortez*, No. 20-cv-

19   08285, 2024 WL 2305612, at *4 (N.D. Cal. May 21, 2024) (striking "amended second amended

20   complaint" filed without leave or any explanation "as to why yet another amendment should be

21   granted").  The Sixth Amended Complaint also improperly revives Plaintiff's claims for tortious

22   interference with a business expectancy and breach of contract and adds new claims for

23   "negligence and intentional misconduct" and unjust enrichment, in violation of the Court's order

24   that Plaintiff could only pursue "the claims dismissed without prejudice" from his Third Amended

25   Complaint.  ECF No. 73 at 1.  Plaintiff's Sixth Amended Complaint is accordingly stricken.

26   **III.    LEGAL STANDARD**

27   A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

28   "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

*United States District Court*
*Northern District of California*

1    cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019)

2    (citation and quotations omitted).  A complaint generally must include a "short and plain statement

3    of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).

4    A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint

5    as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor*

6    *Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  However,

7    "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not

8    credit "legal conclusions" or "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–

9    79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the

10    speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must

11    demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the

12    reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

13    678.  When the complaint has been filed by a pro se plaintiff, a court must "construe the

14    pleadings liberally and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627

15    F.3d 338, 342 (9th Cir. 2010) (quotations omitted).

16    A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint,

17    with the exception of materials incorporated by reference in a complaint or materials subject to

18    judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

19    Courts may also consider, in their discretion, judicial admissions including facts "a plaintiff freely

20    admits" at oral argument.  *CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792, 2021 WL

21    1267259, at *5 (N.D. Cal. Apr. 6, 2021).  "'A litigation position...conveyed to a court becomes

22    binding in any forum in which the same controversy arises,' including judicial admissions during

23    oral argument."  *Id.* (quoting *ACLU of Nevada v. Mastro*, 670 F.3d 1046, 1065 (9th Cir. 2012));

24    *see Davis v. Pacificsource Health Plans,* No. CV 19-180, 2020 WL 1812114, at *1 (D. Mont. Apr.

25    9, 2020) ("Courts have discretion to treat factual statements made in briefs and at oral argument as

26    judicial admissions.").

27    "[L]eave to amend 'shall be freely given when justice so requires.'"  *Leadsinger, Inc. v.*

28    *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)).  "[T]he rule

United States District Court
Northern District of California

1    favoring liberality in amendments to pleadings is particularly important for" for pro se litigants, as

2    they are "[p]resumably unskilled in the law, [and] far more prone to making errors in pleading

3    than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122,

4    1131 (9th Cir. 2000) (quotations omitted).  However, leave to amend may be denied if allowing

5    amendment would cause "undue delay" or "undue prejudice to the opposing party[,]" amendment

6    is sought in bad faith or due to "dilatory motive on the part of the movant," if there have been

7    "repeated failure to cure deficiencies by amendments previously allowed," or further amendment

8    would be futile.  *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Forman v. Davis*,

9    371 U.S. 178, 182 (1962)).  A court's discretion to deny leave to amend "is particularly broad"

10   when it "has already granted a plaintiff leave to amend[.]"  *Chodos v. W. Publ'g Co.*, 292 F.3d

11   992, 1003 (9th Cir. 2002) (quotations omitted).

## IV.    ANALYSIS

13          Plaintiff's Fourth Amended Complaint asserts claims for fraud, civil conspiracy, public

14   and private nuisance, and punitive damages.  ECF No. 75.  As the Court has previously informed

15   Plaintiff, "[i]n California, there is no separate cause of action for punitive damages." *McLaughlin*

16   *v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1142 (1994).  Plaintiff's standalone punitive

17   damages claim is accordingly dismissed with prejudice.  Plaintiff's remaining claims are

18   addressed below.

### A.    Fraud

20          Under California law, a party asserting a fraud claim must allege and ultimately prove "(a)

21   misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity

22   (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

23   resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (emphasis

24   removed).  "In alleging fraud or mistake, a party must state with particularity the circumstances

25   constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind

26   may be alleged generally."  Fed. R. Civ. P. 9(b).  The Ninth Circuit has characterized the

27   particularized pleading standard as requiring "the who, what, when, where, and how of the

28   misconduct charged." *Kearns*, 567 F.3d at 1124 (quotations omitted).  "A party alleging fraud

United States District Court
Northern District of California

6

1    must set forth *more* than the neutral facts necessary to identify the transaction." *Id.* (quotations

2    omitted).

3        Plaintiff alleges that Defendant made misrepresentations to Plaintiff during an in-person

4    meeting with Plaintiff and Gildred at 128 Lorton Avenue and repeated the misrepresentations in a

5    subsequent email dated July 18, 2019.  ECF No. 75 at 1.  He identifies the misrepresentations as

6    "Defendant" informing him that "the investment was risk-free and guaranteed to yield a 20%

7    return within six months" while failing to disclose "that [Defendant] was under investigation for

8    financial misconduct."  *Id.*  As a result of these misrepresentations and omission, Plaintiff invested

9    "the land and appurtenances located at 128 Lorton Avenue into Defendant's business venture,

10   which Plaintiff would not have done had the true financial status been disclosed[,]" and lost

11   $5,000,000.  *Id.* at 2.

12       These allegations do not meet the heightened pleading standards of Rule 9(b).  Although

13   Plaintiff states that "Defendant" misrepresented the risk of the business venture, he fails to identify

14   who within The Pacific Companies made the misrepresentations.  *See UMG Recordings, Inc. v.*

15   *Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015) (explaining that, where a

16   business entity has allegedly perpetrated fraud, "plaintiffs must allege the names of the employees

17   or agents who purportedly made the fraudulent representations or omissions, or at a minimum

18   identify them by their titles and/or job responsibilities"); *Fabian v. LeMahieu*, No. 19-cv-00054,

19   2019 WL 4918431, at *13 (Oct. 4, 2019).  Plaintiff does not include any factual details regarding

20   the nature of Defendant's "business venture" or explain coherently what he invested in the

21   venture.[7]  ECF No. 75 at 2.  And he does not point to any "inconsistent contemporaneous

22   statements or information…which were made by or available to the defendants" to support his

23   allegations that Defendant's statements were false.  *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156,

24   1161 (9th Cir. 2009) (explaining that a complaint must "set forth what is false or misleading about

25   a statement, and why it is false") (quotations omitted).

26   _____

27   [7] Throughout this litigation, and in the related case *Rothschild v. Gildred*, 23-cv-021205, Plaintiff
     has repeatedly alleged that Stephanie Gildred and her property management company owned 128
28   Lorton Avenue.  His allegation that he invested "the land and appurtenances located at 128 Lorton
     Avenue" rings hollow.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court is skeptical that the statement "the investment was risk-free," which appears so

2    "generalized or exaggerated…such that a reasonable consumer would not interpret the statement

3    as a factual claim upon which he or she could rely[,]" is an actionable misrepresentation. *Grouse*

4    *River Outfitters Ltd. v. NetSuite, Inc.*, No. 16-cv-02954, 2018 WL 306719, at *3 (N.D. Cal. Jan. 5,

5    2018) (citing *Cook, Perkiss & Liehe, Inc. v. Nor. Cal. Collection Serv.* 911 F.2d 242, 246 (9th Cir.

6    1990)). Moreover, the statements that "the investment was risk-free" and that the investment

7    would "yield a 20% return within six months" are predictions "as to future events[,]" which

8    constitute opinions, "not actionable fraud." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.

9    App. 4th 153, 158 (1991) (quotations omitted). "To be actionable, a negligent misrepresentation

10   must ordinarily be as to past or existing material facts" rather than future events, such as the future

11   return on Plaintiff's investments. *Id.* Although "broken promises" may be actionable, a plaintiff

12   must "specifically allege and prove, among other things, that the promisor did not intend to

13   perform at the time he or she made the promise and that it was intended to deceive or induce the

14   promisee to do or not do a particular thing." *Id.* at 158-59. "[I]ntent not to perform cannot be

15   proved simply by showing a subsequent failure to perform." *UMG Recordings*, 117 F. Supp. 3d at

16   1109. Plaintiff provides no more than conclusory allegations that, at the time Defendant made the

17   misrepresentations, it intended not to carry through with the project and intended to induce

18   Plaintiff to invest. *See* ECF No. 75 at 2-3.

19   Plaintiff alleges that Defendant "made these representations with knowledge of their falsity

20   or with reckless disregard for their truth" with the intention "to induce Plaintiff's reliance." ECF

21   No. 75 at 2. "Although allegations of scienter [and intent] need not meet Rule 9(b)'s specificity

22   requirement," there still must be sufficient factual allegations to state a claim on which relief may

23   be granted. *UMG Recordings*, 117 F. Supp. 3d at 1109; *see* Fed. R. Civ. P. 9(b). "Although intent

24   can be averred generally under Rule 9(b), a plaintiff must point to facts which show that defendant

25   harbored an intention not to be bound by terms of the contract at formation." *Mat-Van, Inc. v.*

26   *Sheldon Good & Co. Auctions, LLC,* No. 07-CV-912, 2007 WL 2206946, at *6 (S.D. Cal. July 27,

27   2007). Here, Plaintiff merely recites the elements for scienter and intent without any factual

28   allegations. This "formulaic recitation of the elements" does not raise Plaintiff's "right to relief

United States District Court
Northern District of California

1   above the speculative level[.]"  *Twombly*, 550 U.S. at 555.  Plaintiff's fraud claim is accordingly

2   dismissed.

3         As Defendant argues, Plaintiff has been given multiple opportunities to amend his fraud

4   claim and clear instructions on how to cure the deficiencies.  ECF Nos. 83 at 7; *see* 73 at 12

5   (explaining the heightened pleading requirements of Rule 9(b)).  He has been unable to amend his

6   complaint to include enough facts to state a claim.  Tellingly, Plaintiff's Sixth Amended

7   Complaint filed without leave is similarly lacking in factual allegations: although Plaintiff

8   identifies Caleb Roope as the individual who made the misrepresentations, he references being

9   hoodwinked into investing in a vague "development project" without providing any details of

10  what the project entailed or why Roope's representations were false, and again recites the

11  elements for scienter and intent without pointing "to facts which show" that Roope knew his

12  misrepresentations were false or that he intended to mislead Plaintiff.  ECF No. 82 at 3; *Mat-Van,*

13  2007 WL 2206946, at *6.  The Court accordingly finds that providing Plaintiff further opportunity

14  to amend his fraud claim would be futile and would unnecessarily prolong the litigation.

15  Plaintiff's fraud claim is accordingly dismissed with prejudice.

16        **B.**    **Civil Conspiracy**

17        Plaintiff alleges that Defendant and "Co-Conspirator Stephanie Gildred" conspired to

18  "commit fraud and tortious interference."  ECF No. 75 at 2.  This claim is predicated on

19  underlying fraud and tortious interference claims.  *Gen. Am. Life Ins. Co. v. Rana*, 769 F. Supp.

20  1121, 1126 (N.D. Cal. 1991) (holding that, to state a claim for civil conspiracy, a "complaint must

21  allege (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant

22  thereto; and (3) the damage resulting from such act or acts").  The Court previously dismissed

23  Plaintiff's claim for tortious interference with prejudice and Plaintiff has failed to state a claim for

24  fraud.  His civil conspiracy claim is accordingly dismissed with prejudice.

25        **C.**    **Nuisance**

26        Plaintiff lastly asserts claims for private and public nuisance.

27            **i.**    **Private Nuisance**

28        The Court allowed Plaintiff's private nuisance claim alleged in the Third Amended

9

United States District Court
Northern District of California

1    Complaint to proceed.  ECF No. 73 at 17.  Plaintiff re-asserts his claim for private nuisance in the

2    Fourth Amended Complaint but includes no factual allegations to support the claim, instead noting

3    that the Court previously found "sufficient allegations of substantial and unreasonable interference

4    with Plaintiff's property."  ECF No. 75 at 2.

5            Defendant argues that as "Plaintiff has replaced [the Third Amended C]omplaint and failed

6    to allege any facts in support" his private nuisance claim in the Fourth Amended Complaint, he

7    has abandoned this claim.  ECF No. 83 at 5.  "As a general rule, when a plaintiff files an amended

8    complaint, the amended complaint supercedes the original, the latter being treated thereafter as

9    non-existent."  *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quotations omitted).

10   "Any purported claim" raised in a preceding complaint "is waived if it is not raised in a"

11   subsequently amended complaint.  *Decker v. BNSF Ry. Co.*, No. CV-23-08550, 2024 WL 942047,

12   at *4 (D. Ariz. Mar. 5, 2024) (citing *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.

13   2012); *see* Civil L.R. 10-1 ("Any party filing…an amended pleading must reproduce the entire

14   proposed pleading and may not incorporate any part of a prior pleading by reference.").

15           Deeming Plaintiff's private nuisance claim abandoned would be inconsistent with the

16   Ninth Circuit's recognition that pro se litigants, "[p]resumably unskilled in the law," may be "far

17   more prone to making errors in pleading than the person who benefits from the representation of

18   counsel."  *Lopez*, 203 F.3d at 1131.  Plaintiff's inclusion of his private nuisance claim in the

19   Fourth Amended Complaint shows that he did not intend to abandon this claim.  At the hearing on

20   the motion to dismiss, Plaintiff explained that he believed the factual allegations in his private

21   nuisance claim carried over to his Fourth Amended Complaint.  The Court accordingly declines to

22   find that Plaintiff abandoned this claim.  Plaintiff's private nuisance claim is instead dismissed

23   with leave to amend.  If Plaintiff chooses to file a Seventh Amended Complaint and reassert his

24   private nuisance claim, he must allege sufficient facts to support this claim and may not just rely

25   on the factual allegations in his Third Amended Complaint.  *See Rhodes*, 621 F.3d at 1005.

26                              **ii.    Public Nuisance**

27           A public nuisance is "one which affects at the same time an entire community or

28   neighborhood, or any considerable number of persons, although the extent of the annoyance or

10

United States District Court
Northern District of California

1  damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. The Court

2  previously dismissed Plaintiff's claim for public nuisance without prejudice, providing Plaintiff an

3  opportunity to allege sufficient facts to show that Defendant's "alleged nuisance behavior harmed

4  the public" at large rather than just himself. ECF No. 73 at 18.

5       Plaintiff has not alleged facts to support his public nuisance claim. He states, broadly,

6  "that Defendant's actions have caused a nuisance that affects a substantial number of people

7  within the community," and lists examples of nuisance activity that *could* affect large numbers of

8  people, such as "toxic waste disposal, excessive noise pollution, or hazardous environmental

9  conditions." ECF No. 75 at 2-3. Merely reciting the elements of a public nuisance claim and

10  providing generalized examples, rather than alleging how Defendant's actions actually harmed the

11  community, is not sufficient. *See Twombly*, 550 U.S. at 555. As Plaintiff has been provided many

12  opportunities to amend this claim and has failed to do so adequately, the Court now dismisses

13  Plaintiff's public nuisance claim with prejudice.

14  **V.    CONCLUSION**

15       Plaintiff's Sixth Amended Complaint at ECF No. 82 is stricken.

16       Plaintiff's Fourth Amended Complaint at ECF No. 75 is dismissed. His claims for fraud,

17  civil conspiracy, public nuisance, and punitive damages are dismissed with prejudice and his claim

18  for private nuisance is dismissed without prejudice. Plaintiff may file a Seventh Amended

19  Complaint by July 14, 2025, asserting a claim for private nuisance only. Plaintiff may not add

20  additional claims against Defendant, may not add new defendants, and may not re-allege claims

21  that the Court has dismissed with prejudice. As noted above, Plaintiff's Seventh Amended

22  Complaint, should he choose to file one, will entirely replace his prior complaints and it must thus

23  include sufficient facts to support his claim for private nuisance.

24       **IT IS SO ORDERED.**

25  Dated: June 24, 2025

26

27  _____

28  LISA J. CISNEROS
    United States Magistrate Judge

11