1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

MAYER AMSCHEL ROTHSCHILD,

Plaintiff,

8

9

v.

10

THE PACIFIC COMPANIES,

Defendant.

11

Case No.  23-cv-01721-LJC

**ORDER GRANTING MOTION TO
DISMISS SEVENTH AMENDED
COMPLAINT**

Re: Dkt. No. 95

12

13        Before the Court is Defendant Caleb Roope's Motion to Dismiss Plaintiff Mayer Amschel

14   Rothschild's Seventh Amended Complaint.[1]  The matter is fully briefed and suitable for decision

15   without oral argument.  Civil L.R. 7-1(b).  Having considered the papers submitted by the parties

16   and the relevant legal authority, the Court hereby GRANTS Mr. Roope's Motion to Dismiss.[2]

17   Plaintiff's Seventh Amended Complaint is dismissed with prejudice and the Clerk is directed to

18   close the case.

19   **I.        BACKGROUND**

20        **A.        Procedural History**

21            The Court assumes the parties' familiarity with the overall factual and procedural history

22   of this case and summarizes only the relevant procedural developments.  Plaintiff filed this action

23   in April 2023 naming The Pacific Companies (TPC) as the sole defendant.  ECF No. 1.  Plaintiff

24   twice amended his complaint, adding Caleb Roope, Stephanie Ann Gildred, Lorton Management

25

26   [1] Mr. Roope captioned his motion as the "Motion to Dismiss the Fifth Amended Complaint for a
     Failure to … State [a] Claim," but, based on the content of the motion, it is clear that he seeks to
27   dismiss Plaintiff's operative complaint.  ECF No. 95 at 1.  As clarified at ECF No. 100, the Court
     construes the instant motion as a motion to dismiss Plaintiff's Seventh Amended Complaint at
28   ECF No. 92.
     [2] All parties have consented to magistrate judge jurisdiction.  ECF Nos. 9, 108.

*United States District Court*
*Northern District of California*

Corporation, and Byldan Corporation as defendants in addition to TPC.  ECF Nos. 18, 22.[3]

Plaintiff applied to proceed in forma pauperis and the Court screened Plaintiff's Second Amended

Complaint pursuant to 28 U.S.C. Section 1914(e)(2)(B), finding that Plaintiff had failed to allege

that there was complete diversity between the parties because he did not allege the citizenship of

Mr. Roope, Lorton Management Corporation, or Byldan Corporation.  ECF No. 23 at 3-4.  The

Court granted Plaintiff leave to further amend his complaint to fix this defect.  *See id.*  Plaintiff

proceeded to file his Third Amended Complaint, naming TPC as the only defendant.  ECF No. 24.

Plaintiff then moved to add an entirely new defendant, Stephen Wagstaffe, which the Court

denied.  ECF Nos. 28, 38.  The Court allowed Plaintiff's claims for fraud, civil conspiracy,

tortious interference with business expectancy, breach of contract, nuisance, and personal injury

against TPC only to proceed and directed the U.S. Marshals to effectuate service.  ECF No. 38

at 7.

TPC was served in March 2024 and then moved for dismissal under Federal Rule of Civil

Procedure 12(b)(6), arguing that Plaintiff had failed to allege sufficient facts to plausibly support

any of his claims.  ECF Nos. 40, 55.  The Court granted in part and denied in part TPC's motion to

dismiss the Third Amended Complaint, allowing Plaintiff's claim for private nuisance to proceed

and providing Plaintiff leave to amend his claims for public nuisance, fraud, and civil conspiracy.

ECF No. 73 at 19.

Plaintiff then amended his complaint,[4] asserting claims for public and private nuisance,

fraud, punitive damages, and civil conspiracy, and again naming TPC as the sole defendant.  ECF

No. 75.  Although the Court had allowed Plaintiff's claim for private nuisance to proceed,

Plaintiff's Fourth Amended Complaint did not allege any facts supporting this claim, which, as

Plaintiff later explained, was due to his mistaken belief that he could reference factual allegations

in his Third Amended Complaint.  TPC moved to dismiss Plaintiff's Fourth Amended Complaint.

---

[3] Plaintiff separately sued Stephanie Gildred and Lorton Management in a related case, *Rothschild v. Gildred*, 23-cv-01721-LJC (N.D. Cal.).  That matter has been dismissed.
[4] Without leave of the Court, Plaintiff proceeded to file two further amended complaints, which the Court construed as the Fifth and Sixth Amended Complaints.  ECF No. 79, 82.  These have been stricken.  ECF No. 89 at 1 n.1.

United States District Court
Northern District of California

ECF No. 83.  The Court granted TPC's motion, dismissing Plaintiff's claims for fraud, civil conspiracy, public nuisance, and punitive damages with prejudice and providing Plaintiff one more opportunity to reallege facts to support his private nuisance claim.  ECF No. 89 at 11.  The Court specified that Plaintiff could:

> [F]ile a Seventh Amended Complaint by July 14, 2025, asserting a claim for private nuisance only.  Plaintiff may not add additional claims against Defendant, may not add new defendants, and may not re-allege claims that the Court has dismissed with prejudice.  As noted above, Plaintiff's Seventh Amended Complaint, should he choose to file one, will entirely replace his prior complaints and it must thus include sufficient facts to support his claim for private nuisance.

*Id.*

### B.    The Seventh Amended Complaint

Plaintiff proceeded to file his Seventh Amended Complaint, naming Caleb Roope, "individually and as an officer of" TPC, as the sole defendant.  ECF No. 92 (Seventh Am. Compl.) at 1.  Plaintiff asserts that Mr. Roope, "acting through The Pacific Companies and its contractors, has substantially and unreasonably interfered with Plaintiff's use and enjoyment of his private residence" at 128 Lorton Avenue #4, Burlingame, California (128 Lorton).  *Id.* at 2.  Specifically, Plaintiff alleges that between August 2020 and late 2022, TPC "engaged in intensive construction activities immediately adjacent to Plaintiff's residence," including "daily jackhammering, use of compacting machinery, demolition of curbs and sidewalks, [and] delivery of materials before permitted hours."  *Id.* at 2.  He alleged that the construction workers were loud and operated a noisy stucco mixer, and that a concrete boom arm was extended over Plaintiff's home.  *Id.* Plaintiff claims that these activities caused his walls and dishes to rattle and that the noise and dust interfered with his "ability to conduct his work from home, disrupted telemedicine visits, worsened his COPD, and created persistent stress."  *Id.*  In a declaration attached to the complaint, Plaintiff attests that the construction project was "managed by Clarum Communities and directed by Caleb Roope and The Pacific Companies" and that Plaintiff communicated with Ian Sutlick, the "on-site construction manager for Clarum, to report dangerous conditions, excessive and unreasonable noise," and other disruptive activities at the construction site.  *Id.* at 13.  Copies of what Plaintiff alleges to be his text exchanges with Ian Sutlick from 2021 show Plaintiff's

complaints regarding the construction project.  *Id.* at 27-30.

Although Plaintiff lists his address as 260 Quail Lane, Merritt Island, Florida, on the first page of the Seventh Amended Complaint, he also alleges that he "is a resident of San Mateo County, California."  *Id.* at 1, 2.  Plaintiff does not allege where Mr. Roope resides.  *See id.*

### C.      Allegations Regarding Departure from 128 Lorton

Plaintiff alleges that he lived at 128 Lorton for approximately ten years before moving out and filing this lawsuit.  In this case and others, Plaintiff has made a series of contradictory claims regarding when he moved out of 128 Lorton.

In his original Complaint in this action, Plaintiff alleged that he "moved from the subject property known as 128 Lorton Avenue in 2022."  ECF No. 1 at 4.  During the hearing on the motion to dismiss the Fourth Amended Complaint, Plaintiff informed the Court that he had actually moved out of 128 Lorton in December 2020.  ECF No. 89 at 2; *see Rothschild v. Gildred*, 23-cv-02105-LJC, ECF No. 65 at (N.D. Cal. June 25, 2025) ("At the [June 17, 2025 motion to dismiss] hearing, Plaintiff [Rothschild] unequivocally stated that he moved out of the premises at 128 Lorton Avenue in December 2020.  The Court takes his statement as true.").  In his Seventh Amended Complaint, Plaintiff alleges that his "residence" was 128 Lorton until "late 2022." Seventh Am. Compl. at 2.  In his opposition to the motion to dismiss currently before the Court, Plaintiff explains that "[u]pon review of communications, including contemporaneous text messages and photos, Plaintiff clarifies that he remained in residence [at 128 Lorton] until 2023." ECF No. 96 at 2.

In July 2021, before initiating this lawsuit, Plaintiff filed a lawsuit in Arizona state court and, at the time of its filing, represented that he was then living in Scottsdale, Arizona.   ECF Nos. 73 at 6, 55 at 3 n.2, 55-1 at 2-3, 88.  Plaintiff filed a separate lawsuit in December 2021 in San Mateo County, representing that he was then living in Santa Fe.  *See Cady v. City of Burlingame*, 21CIV06777 (San Mateo Sup. Ct. Dec. 21, 2021) (Plaintiff, then proceeding as Thomas A. Cady, listing his address as "4259 River Song Lane, Santa Fe," and alleging that he "formerly resided at 128 Lorton Avenue").  In October 2022, he represented to the Northern District that he was again living in Scottsdale.  *Cady v. City of Burlingame*, 22-cv-06019-HSG, ECF No. 1 (N.D. Cal. Oct.

1  12, 2022) (representing that Plaintiff was living in Scottsdale, Arizona when he removed the case

2  to federal court in October 2022).[5]

3  **D.      The Pending Motion to Dismiss**

4  Mr. Roope has moved to dismiss the operative complaint with prejudice, arguing that

5  Plaintiff has failed to allege any facts showing that Mr. Roope, rather than TPC or its

6  subcontractors, engaged in the alleged nuisance conduct.  ECF No. 95 at 5-6.  Mr. Roope further

7  argues that Plaintiff's claim against him is time-barred, and that Plaintiff has failed to allege where

8  Mr. Roope is a citizen and thus failed to establish that the Court has jurisdiction over the case.  *Id.*

9  Plaintiff opposed, arguing that his claims were timely, and that Mr. Roope is not a new defendant.

10  ECF No. 96.  Plaintiff then filed a "Motion to Dismiss or Strike Defendant's Last Motion to

11  Dismiss," which the Court construed as an additional opposition and struck due to noncompliance

12  with Civil Local Rule 7-3.  ECF Nos. 99, 100.  The Court explained that Civil Local Rule 7-3 does

13  not "authorize a party to file multiple oppositions to a pending motion" and informed Plaintiff that

14  he could "only file a sur-reply in response [to Mr. Roope's reply brief] if he requests and obtains

15  the Court's permission."  ECF No. 100.  Plaintiff immediately filed an administrative motion for

16  leave to file a sur-reply, which the Court denied as premature because Mr. Roope had not yet filed

17  his reply.  ECF Nos. 101, 102.  Mr. Roope then filed his reply brief.  ECF No. 103.

18  **II.     PLAINTIFF'S SUR-REPLY IS STRICKEN**

19  Without leave of the Court, Plaintiff file what he captioned an "Opposition to Defendant's

20  Motion to Dismiss the Seventh Amended Complaint" after Mr. Roope filed his reply brief.  ECF

21  No. 104.  As Plaintiff already filed his opposition (ECF No. 96), the Court construes Plaintiff's

22  filing at ECF No. 104 as a sur-reply.  Civil Local Rule 7-3 provides that once a reply brief is filed,

23  "no additional memoranda, papers or letters may be filed without prior Court approval, except" for

24  objections to new evidence submitted in the reply or a notice of a new relevant judicial opinion.

25  Although Plaintiff is proceeding pro se, he is still required to follow procedural rules and the

26  Court's prior orders.  The Court has repeatedly informed Plaintiff that he must follow Local Rule

27

28  _____

[5] The Court takes judicial notice of these court filings.  *See* Fed. R. Evid. 201(a).

1  7-3.  *See* ECF Nos. 70, 100; *Rothschild v. Gildred*, 23-cv-01721-LJC, ECF No. 55 (N.D. Cal. Mar.

2  4, 2025).  Despite the Court's instruction, Plaintiff filed a sur-reply without leave.  ECF No. 104.

3  Moreover, his sur-reply improperly alleges facts not included in the Seventh Amended Complaint.

4  Allowing Plaintiff to update his pleadings after briefing on the pending motion closed would

5  prejudice Mr. Roope and frustrate the purpose of testing the sufficiency of the operative

6  complaint.  The sur-reply at ECF No. 104 is accordingly stricken.  *See Lily v. Rosenow,* No. 23-cv-

7  00644, 2025 WL 1870860, at *1 n.1 (S.D. Cal. July 7, 2025); *Hoffman v. Lassen Cnty.*, No. 16-cv-

8  00946, 2017 WL 3189937, at *2 (E.D. Cal. July 27, 2017).

9  **III.    LEGAL STANDARD**

10          A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

11  "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

12  cognizable legal theory."  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019)

13  (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  "A claim may be

14  dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of

15  limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von*

16  *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting

17  *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)).

18          A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint

19  as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor*

20  *Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  However,

21  "[t]hreadbare recitals of the elements of a cause of action … do not suffice," and a court need not

22  credit "legal conclusions" or "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-

23  79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the

24  speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must

25  demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the

26  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

27  678.  When the complaint has been filed by a pro se plaintiff, courts must "construe the

28  pleadings liberally and … afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627

1   F.3d 338, 342 (9th Cir. 2010) (quotation marks omitted).  In ruling on a 12(b)(6) motion, courts

2   consider the complaint, attachments to the complaint and documents incorporated by reference

3   into the complaint, and judicially noticeable facts.  *Nat'l Ass'n for Advancement of Psychoanalysis*

4   *v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

5          A complaint may be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure

6   due to "lack of subject-matter jurisdiction."  Generally, federal courts have subject matter

7   jurisdiction over a case if the case involves a question of federal law or if there is diversity

8   between the parties.  Courts have diversity jurisdiction over civil actions "where the matter in

9   controversy exceeds the sum or value of $75,000" and is between, as relevant here, "citizens of

10  different States."  28 U.S.C. § 1332.  For diversity purposes, a person is a "citizen" of the state in

11  which they are domiciled.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12  A complaint that fails to allege diversity of citizenship and a sufficient amount in controversy

13  (providing that there is no other basis for subject matter jurisdiction) is subject to a motion to

14  dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  *See Rilling v. Burlington*

15  *Northern R.R. Co.*, 909 F.2d 399, 401 (9th Cir. 1990).  Where a facial Rule 12(b)(1) motion is

16  based on lack of subject matter jurisdiction, courts decide the motion based only on the complaint,

17  attachments to the complaint, and judicially noticed[6] or otherwise undisputed facts.  *See Safe Air*

18  *for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Rilling*, 909 F.2d at 401.

19         "[L]eave to amend 'shall be freely given when justice so requires.'"  *Leadsinger, Inc. v.*

20  *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)).  "[T]he rule

21  favoring liberality in amendments to pleadings is particularly important for the pro se litigant" as

22  they are "[p]resumably unskilled in the law" and "far more prone to making errors in pleading

23  than the person who benefits from the representation of counsel."  *Lopez v. Smith*, 203 F.3d 1122,

24  1131 (9th Cir. 2000) (quotation marks omitted).  However, leave to amend may be denied if

25

26  ─────────────────────

27  [6] While courts may consider facts subject to judicial notice, this does not relieve plaintiffs of their
    burden to plead—and ultimately prove—diversity jurisdiction and courts "may not establish
    diversity of citizenship purely by judicial notice."  *Rosenwald v. Kimberly-Clark Corp.*, No. 24-

28  299, 2025 WL 2715322, at *4 (9th Cir. Sept. 24, 2025).

United States District Court
Northern District of California

allowing amendment would cause "undue delay" or "undue prejudice to the opposing party," if amendment is sought in bad faith or due to "dilatory motive on the part of the movant," if there has been "repeated failure to cure deficiencies by amendments previously allowed," or if further amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). A court's discretion to deny leave to amend is "particularly broad" when it "has already granted a plaintiff leave to amend." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

## IV.    ANALYSIS

### 1.    Plaintiff Fails to Allege Facts Showing that Mr. Roope is Liable for the Alleged Nuisance

Mr. Roope first argues that Plaintiff has failed "to allege <u>any</u> acts by Mr. Roope that support a claim for private nuisance against him individually" and that Plaintiff "only alleges construction work done by the 'Pacific Companies.'" ECF No. 95 at 5.

To state a claim for private nuisance, a plaintiff must allege that the defendant caused an interference with the plaintiff's use and enjoyment of property the plaintiff had a possessory interest in, and that the interference was "of such a nature, duration or amount" as to have been unreasonable. *Gjovik v. Apple Inc.*, No. 23-cv-04597, 2024 WL 2309100, at *15 (N.D. Cal. May 20, 2024) (quoting *Mendez v. Rancho Valencia Resort Partners, LLC*, 3 Cal. App. 5th 248, 262-63 (2016). "The primary test for determining whether the [interference] is unreasonable is whether the gravity of the harm outweighs the social utility of the defendant's conduct." *San Diego Gas & Electric Co. v. Superior Court*, 13 Cal. 4th 893, 938 (1996). Where, as here, the plaintiff seeks damages, they must also plead and prove that the interference caused "substantial actual damage." *Id.* (quotation marks omitted).

Plaintiff alleges facts plausibly showing that the ongoing construction activity at the lot adjacent to 128 Lorton Avenue caused him substantial harm. *See* Seventh Am. Compl. at 2 ("The level of noise, dust, and disruption interfered with Plaintiff's ability to conduct his work from home, disrupted telemedicine visits, worsened his COPD, and created persistent stress."). His

1    allegations that the construction was excessively loud, began early in the morning, and involved

2    concrete conveyor booms being extended over Plaintiff's property without warning plausibly

3    support that the activity was unreasonable.  *Id.*  These allegations would presumably be sufficient

4    to state a nuisance claim against the entities responsible for this behavior.  But the sole defendant

5    in this case is Mr. Roope and Plaintiff has not alleged facts showing that Mr. Roope is liable for

6    the conduct at the construction site.

7         Plaintiff contends that Mr. Roope "is the principal of The Pacific Companies and was

8    responsible for the management, oversight, and execution of the construction project adjacent to

9    Plaintiff's residence."  *Id*.  He alleges that the "conduct of Defendant, acting through The Pacific

10    Companies and its contractors, has substantially and unreasonably interfered with Plaintiff's use

11    and enjoyment" of the property.  *Id.*  In his opposition brief, Plaintiff argues that "California law

12    holds that individuals who personally direct tortious conduct through a business entity may be

13    held personally liable."  ECF No. 96 at 2.  Mr. Roope does not directly respond to this argument in

14    his reply brief, instead arguing that Plaintiff "has not alleged any acts by Mr. Roope to support any

15    claim against him individually."  ECF No. 103 at 3.

16         Plaintiff is generally correct in his assertion that "individuals who personally direct tortious

17    conduct through a business entity may be held personally liable."  ECF No. 96 at 2.  Though "an

18    officer or director will not be liable for torts in which he does not personally participate, of which

19    he has no knowledge, or to which he has not consented," he is not immune from liability where

20    "he authorizes, directs, or in some meaningful sense actively participates in the wrongful

21    conduct."  *Frances T. v. Village Green Owners Assn.*, 42 Cal.3d 490, 503-04 (1986); *see United

22    States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 595 (1970) ("Directors or officers of

23    a corporation do not incur personal liability for torts of the corporation merely by reason of their

24    official position, unless they participate in the wrong or authorize or direct that it be done.");

25    *People v. Pacific Landmark, LLC*, 129 Cal. App. 4th 1203, 1212 (2005) (applying the principles of

26    liability discussed in *Haidinger-Hayes* to non-corporate business entities and finding the manager

27    of an LLC liable for his "personal participation in tortious or criminal conduct"); *Revolon

28    Monterey Energy LLV v. Operator*, No. CV 13-7048, 2014 WL 12576644, at *4-5 (C.D. Cal. Sept.

1   18, 2014). The "critical question" in determining whether a defendant is liable for nuisance is

2   "whether the defendant *created or assisted in the creation of the nuisance.*" *Redevelopment*

3   *Agency of City of Stockton v. BNSF Ry. Co.*, 643 F.3d 668, 673 (9th Cir. 2011) (quoting *County of*

4   *Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 306 (2006)).

5          Although Plaintiff alleges that Mr. Roope, as the principal of TPC, was "responsible for

6   the management, oversight, and execution of the construction project," there are no non-

7   conclusory allegations that Mr. Roope directed the allegedly disruptive operations. Seventh Am.

8   Compl. at 2. Plaintiff alleges "supervisor Ian Sutlick" ran the construction site; that Plaintiff

9   informed Mr. Sutlick about the loud machinery, dust, and work being conducted outside of

10  business hours; and that Mr. Sutlick failed to resolve the issues. *Id.* at 2, 13. Plaintiff alleges that

11  a company called Clarum Communities—not TPC or Mr. Roope—managed the construction

12  project. *Id.* The Court accordingly finds that Plaintiff has failed to allege facts showing that Mr.

13  Roope "created or assisted in the creation of the nuisance." *BNSF*, 643 F.3d at 673 (emphasis

14  removed). His nuisance claim against Mr. Roope fails. Dismissal of the Seventh Amended

15  Complaint is thus warranted on this basis.

16                        **2.      Statute of Limitations**

17         As the Court has diversity jurisdiction over this matter, it must follow California statute of

18  limitations law. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 101, 110-12 (1945)

19  (holding that federal courts must apply "the State statute of limitations that would govern like suits

20  in the courts of a State where the federal court is sitting" in diversity cases). Under California law,

21  the applicable statute of limitations for nuisance is three years. Cal. Civ. Proc. Code § 335.1. Mr.

22  Roope argues that Plaintiff's Seventh Amended Complaint must be dismissed because, as

23  "Plaintiff has admitted to this Court to vacating the premises by December 2020, nearly 5 years

24  ago," the statute of limitations for Plaintiff's claim against Mr. Roope has run. ECF No. 95 at 5.

25  Mr. Roope's argument raises two related issues. First, is Plaintiff judicially estopped[7] from now

26

27  ───────────────
    [7] Mr. Roope does not use the term "judicial estoppel," but argues that Plaintiff's new contention
    that he did not move out until 2023 is "contradicted" by his earlier statements and filings, and that
28  Plaintiff should be held to his admission that he moved out of 128 Lorton in December 2020. ECF
    Nos. 95 at 5, 103 at 2. The Court construes this argument as invoking judicial estoppel. In any

United States District Court
Northern District of California

1  claiming that he moved out of 128 Lorton Avenue in 2023 and thus that the statute of limitations

2  has not yet expired?  Second, if he is estopped from making this claim and thus if the statute of

3  limitations has expired, does Plaintiff's Seventh Amended Complaint nonetheless relate back to

4  his original complaint, which was filed within the statute of limitations?  The Court addresses

5  these questions in turn.

6  <center>**a.    Judicial Estoppel**</center>

7         Plaintiff has made several contradictory claims about when he moved out of 128 Lorton

8  Avenue, which directly implicate when the statute of limitations for his nuisance claims began to

9  run and thus when it expired or expires.  First, the Court previously took judicial notice of a

10  complaint Plaintiff filed in Arizona state court in July 2021, where he represented that he was

11  living in Scottsdale, Arizona at the time he initiated that lawsuit.[8]  ECF Nos. 73 at 6, 55 at 3 n.2,

12  55-1 at 2-3, 88.  If Plaintiff moved from 128 Lorton to Scottsdale by July 2021, the statute of

13  limitations for his nuisance claims regarding the construction adjacent to 128 Lorton would expire

14  no later than July 2024 (three years after July 2021).[9]  Second, at the hearing on the motion to

15  dismiss Plaintiff's Fourth Amended Complaint in June 2025, Plaintiff informed the Court that he

16  moved out of 128 Lorton in December 2020.  ECF No. 88.  If Plaintiff moved out of 128 Lorton

17  by December 2020, the statute of limitations for Plaintiff's nuisance claim would have expired no

18  later than December 2023.  Third, Plaintiff now asserts that the "intensive construction activities"

19  continued "to late 2022" and that he did not move out of 128 Lorton Avenue until 2023.  Seventh

20

21  _____

22  event, the Court may apply the doctrine of judicial estoppel *sua sponte*.  *See Johnson v. State,
   Oregon Dep't of Hum. Res., Rehab. Div.*, 141 F.3d 1361, 1368 (9th Cir. 1998) (explaining that the
   doctrine may be "invoked by a court at its own discretion").

23  [8] Although the Court noted that it would not take "judicial notice of the truth of the facts recited"

24  in the state court filings, but just of the existence of the filings, the Court now clarifies that it takes
   judicial notice of the fact that on July 8, 2021, Plaintiff asserted that he was then residing in

25  Scottsdale, Arizona.  ECF No. 73 at 6 (quotations omitted); *see* ECF No. 55-1 at 2-3.

26  [9] In other court filings, Plaintiff has similarly represented that he moved from California to the
   Southwest in 2021.  *Cady v. City of Burlingame*, 21CIV06777 (San Mateo Sup. Ct. Dec. 21, 2021)

27  (Plaintiff, then proceeding as Thomas A. Cady, listing his address as "4259 River Song Lane,
   Santa Fe," and alleging that he "formerly resided at 128 Lorton Avenue"); *see Cady v. City of

28  Burlingame*, 22-cv-06019-HSG, ECF No. 1 (N.D. Cal. Oct. 12, 2022) (representing that Plaintiff
   was living in Scottsdale, Arizona when he removed the case to federal court in October 2022).

<center>11</center>

United States District Court
Northern District of California

Am. Compl. at 2; ECF No. 96 at 2.  If the nuisance conduct persisted until "late 2022," the statute of limitations would correspondingly not expire until "late" 2025.  Seventh Am. Compl. at 2.

The Court must determine whether Plaintiff's prior claims that he left 128 Lorton in December 2020 and that he was living in Arizona by July 2021 should judicially estop him from now claiming that he did not move from 128 Lorton until 2023.  "The integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal."  *Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997).  To protect against this, courts have developed the doctrine of judicial estoppel.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.") (quotation marks omitted).  "A court invokes judicial estoppel at its discretion," and thus may properly raise the doctrine *sua sponte*.  *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993).  "Federal law governs the application of judicial estoppel in federal court," even when the court has diversity jurisdiction over a case.  *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 603-04 (9th Cir. 1996); *Milgard Tempering, Inc. v. Selas Corp. of Am.,* 902 F.2d 703 (9th Cir. 1990).  Although courts have discretion over when to invoke judicial estoppel, "several factors typically inform the decision whether to apply the doctrine in a particular case:"

> First, a party's later position must be clearly inconsistent with its earlier position.  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. at 750-51 (citations and quotation marks omitted).  The Ninth Circuit also considers "chicanery or knowing misrepresentation by the party to be estopped." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012).

Applying these principles, the Court assesses if Plaintiff should be judicially estopped by his June 2025 admission to this Court or his July 2021 representation in Arizona state court.  In

1    June of this year, Plaintiff made a binding judicial admission that he moved out of 128 Lorton in

2    December 2020.  ECF No. 88; *see CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792, 2021

3    WL 1267259, at *5 (N.D. Cal. Apr. 6, 2021) ("'A litigation position ... conveyed to a court

4    becomes binding in any forum in which the same controversy arises,' including judicial

5    admissions during oral argument." (quoting *ACLU of Nevada v. Masto*, 670 F.3d 1046, 1065 (9th

6    Cir. 2012))).  Plaintiff now argues that this admission was a "misstatement … made in good faith"

7    due to "memory impairment and the onset of cognitive issues."  ECF No. 96 at 2.  Although the

8    Court is concerned that Plaintiff may have made a false representation to the Court, it accepts

9    Plaintiff's explanation that his statement that he moved in December 2020 was a mistake due to

10   memory issues.  Under these circumstances, it would be improper to conclude that Plaintiff is

11   judicial estopped from now asserting that he moved out of 128 Lorton Avenue in 2023 by his

12   prior, contradictory assertion that he moved in December 2020.  *See Helfand*, 105 F.3d at 536

13   (explaining that judicial estoppel is inappropriate "when a party's prior position was based on

14   inadvertence or mistake").

15        This leaves Plaintiff's claim in his Arizona state court complaint, filed on July 8, 2021, that

16   he was then living in Scottsdale, Arizona.  *See* ECF No. 55-1 at 2-3.  Plaintiff undoubtedly knew

17   what state he was living in when he filed his Arizona lawsuit.  The Court thus finds that Plaintiff's

18   contemporaneous representation that he resided in Arizona in July 2021 could not conceivably be

19   the result of "inadvertence or mistake."  *Helfand*, 105 F.3d at 536.  The Court accordingly

20   evaluates the *New Hampshire* factors.  *See* 532 U.S. at 749.  First, Plaintiff's contention that he did

21   not move out of 128 Lorton Avenue until 2023 is inconsistent with his earlier contention that he

22   was living in Arizona by July 2021.  *See id.*; ECF No. 55-1 at 3.  To state the obvious, you cannot

23   be in two places at once.  In his Arizona complaint, Plaintiff: "declares that he resides in

24   Scottsdale, Arizona and is 72 years old, and it is a hardship to travel to California."  ECF No. 55-1

25   at 3.  It would not be a "hardship" for Plaintiff to travel to California if he were still living in

26   California.  Second, Plaintiff apparently persuaded the Maricopa County Superior Court that he

27   resided in Arizona, as, in its order dismissing the case due to lack of personal jurisdiction over the

28   defendants, it found that "[t]he only contact this case has with Arizona is Plaintiff's residence

United States District Court
Northern District of California

13

here." *Thomas A Cady v. Pacific Companies, et al.*, Dkt. No. CV2021-010819 (Ariz. Super. Ct. Dec. 6, 2021).[10]   Accepting Plaintiff's "inconsistent position" that he was still living in California in July 2021, and in fact did not move out of the state until 2023, would "create the perception that either" the Maricopa County Superior Court or this Court "was misled" by Plaintiff.  *New Hampshire*, 532 U.S. at 751 (quotation marks omitted).  Third, the Court finds that Plaintiff would "derive an unfair advantage" if not judicially estopped by his prior claim that he was living in Arizona by July 2021.  *Id.*  Plaintiff filed suit in Maricopa County, claiming that venue was proper because he lived in Scottsdale, and separately filed suits in the Northern District of California, contending that the court had diversity jurisdiction over his claims in part because he did not live in California.  *See Cady v. Pacific Companies, et al.*, Dkt. No. CV2021-010819 (Ariz. Super. Ct. Dec. 6, 2021); *Cady v. City of Burlingame*, 22-cv-06019-HSG (N.D. Cal. Oct. 12, 2022); *Rothschild v. Gildred*, 23-cv-02105-LJC, ECF No. 12 (N.D. Cal. Aug. 10, 2023).  Allowing Plaintiff to now change his position and claim he was living in California until 2023 to get around the statute of limitations would permit Plaintiff to play "fast and loose with the courts."  *Helfand*, 105 F.3d at 534 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).[11]   Plaintiff is judicially estopped from claiming that he resided at 128 Lorton Avenue until 2023.

The Court accordingly holds Plaintiff to his assertion that he had moved to Arizona, and thus left 128 Lorton Avenue, by July 2021.  Accordingly, the deadline for Plaintiff to file his nuisance claim against Mr. Roope was July 2024 at the latest.

**b.    Availability of the Relation-Back Doctrine**

Mr. Roope argues that, as the statute of limitations had run by July 2025, Plaintiff was time-barred from adding Mr. Roope back in as a defendant.  As discussed above, the Court agrees

---

[10] The Court takes judicial notice of the Maricopa County Superior Court's December 6, 2021 order.  *See* Fed. R. Evid. 201(a).

[11] The Court is concerned that Plaintiff may have violated his obligations under Federal Rule of Civil Procedure Rule 11(b) by representing to the Court that he "remained in residence" at 128 Lorton until 2023.  ECF No. 96 at 2; *see* Fed. R. Civ. P. 11(b) (establishing that an "unrepresented party certifies that to the best of the person's knowledge, information, and belief" factual contentions in a paper presented to the court "have evidentiary support").  Although the Court could issue an Order to Show Cause as to why sanctions should not be issued (*see* Fed. R. Civ. P. 11(c)(3)), given that this case is now being dismissed with prejudice, it declines to do so.

14

United States District Court
Northern District of California

that the statute of limitations had run by July 2025.  Whether this bars Plaintiff from adding Mr.

Roope back in as a defendant implicates the relation-back doctrine.

Federal Rule of Civil Procedure 15(c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, Plaintiff has added a new defendant, Mr. Roope, rather than asserting a new claim or

defense.  Accordingly, the provisions of Rule 15(c)(1)(A) and 15(c)(1)(C) apply.  The Ninth

Circuit has established that courts should apply the "more permissive" standard between Rule

15(c)(1)(A) and (C).  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir.

2014).

Under Rule 15(c)(1)(A), California law, as the source of the applicable statute of

limitations for Plaintiff's claim, would apply to determine whether Plaintiff's claim against Mr.

Roope relates back to his original complaint.  *See Guaranty Trust Co.*, 326 U.S. at 110.  Two

provisions of California Code of Civil Procedure, Sections 473(a)(1) and 474, control the state's

relation-back doctrine.  "Amendments of pleadings under California law are generally governed

by California Civil Procedure Code § 473(a)(1)."  *Butler*, 766 F.3d at 1201.  California Code of

Civil Procedure Section 473(a)(1) provides that courts "may, in furtherance of justice, and on any

terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking

out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any

other respect."  "Section 473(a)(1) does not contain any express provision for relation back of

1    amendments, and California courts have held that it 'does not authorize the addition of a party for

2    the first time whom the plaintiff failed to name in the first instance.'" *Butler*, 766 F.3d at 1201

3    (quoting *Kerr-McGee Chem. Corp. v. Superior Ct.,* 160 Cal. App. 3d 594, 206 (1984)).

4           "The general rule is that an amended complaint that adds a new defendant does not relate

5    back to the date of filing the original complaint and the statute of limitations is applied as of the

6    date the amended complaint is filed, not the date the original complaint is filed." *Woo v. Superior*

7    *Ct.*, 75 Cal. App. 4th 169, 176 (1999).  That is, claims against new defendants added after the

8    statute of limitations has expired are time-barred.  *Id.*  California appellate courts have found this

9    is true even when the "new defendant" is a returning party who was initially named as a defendant

10   during the statute of limitations period, dismissed from the action, and then added back in after the

11   statute of limitations had expired.  *Id.*; *Troche v. Daley*, 217 Cal. App. 3d 403, 412 (1990).

12   Although courts have recognized "an exception to the general no-relation-back rule when the

13   plaintiff seeks to correct a mistake in the defendant's name," the fact that Plaintiff previously

14   named Mr. Roope as a defendant during the statute of limitations period, and then chose to drop

15   him from the case and proceed against TPC only, establishes that Plaintiff knew Mr. Roope's

16   identity and that his omission was not due to an "excusable mistake."  *Hawkins v. Pac. Coast*

17   *Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004), *as modified* (Dec. 22, 2004); *see* ECF

18   Nos. 22, 24.  The Court accordingly finds that Plaintiff's addition of Mr. Roope after the statute of

19   limitations had run does not relate back to the filing of his original complaint under California

20   Code of Civil Procedure Section 473(a)(1).

21          California Code of Civil Procedure Section 474 separately provides that if a "plaintiff is

22   ignorant of the name of a defendant, he must state that fact in the complaint … and such defendant

23   may be designated in any pleading or proceeding by any name, and when his true name is

24   discovered, the pleading … must be amended accordingly."  "For § 474 to apply, however, the

25   plaintiff must be 'genuinely ignorant' of the defendant's identity at the time the original complaint

26   is filed." *Butler*, 766 F.3d at 1201 (quoting *Woo*, 75 Cal. App. 4th at 177)).  As noted above, the

27   fact that Plaintiff named Mr. Roope as a defendant in this lawsuit before the statute of limitations

28   expired forecloses the possibility that Plaintiff was "ignorant" of Mr. Roope's identity.  *See* ECF

1    Nos. 22, 24.  The Court accordingly finds that Plaintiff's claim against Mr. Roope does not relate

2    back to the filing of his original complaint under California Code of Civil Procedure Section 474.

3         Having determined that California's relation-back law does not permit Plaintiff to add Mr.

4    Roope back in as a defendant after the statute of limitations has run, the Court now assesses if the

5    federal relation-back law at Rule 15(c)(1)(C) can save Plaintiff's Seventh Amended Complaint.

6    "Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers,

7    after the relevant statute of limitations has run, the identity of the proper party," not to "assist a

8    plaintiff who ignores … a potential party, nor … permit a plaintiff to engage in piecemeal

9    litigation." *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857-58 (9th Cir. 1986).  Amended

10   complaints relate back under Rule 15(c)(1)(C) if:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.

*Butler*, 766 F.3d at 1202 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)).

14        Plaintiff's attempt to relate his Seventh Amended Complaint back to his amended

15   complaint fails under the third prong.  *See id.*  Plaintiff initially named Mr. Roope as a defendant

16   in August 2023, before the statute of limitations had run.  ECF No. 22.  He failed to allege Mr.

17   Roope's citizenship, and the Court directed Plaintiff to amend his complaint to include facts

18   showing where Mr. Roope was domiciled.  ECF No. 23 at 4.  Plaintiff did not do so, instead

19   dropping all defendants but TPC from the lawsuit and, for over a year and a half, proceeding

20   against TPC only.  *See* ECF Nos. 24, 92.  Nothing suggests that Mr. Roope should have known

21   that he was dropped from the lawsuit due to a "mistake concerning [his] identity."  Fed. R. Civ. P.

22   15(c)(1)(C)(ii).  Plaintiff knew of Mr. Roope's identity within the statute of limitations, and,

23   perhaps for tactical reasons or inability to allege Mr. Roope's citizenship, decided to remove him

24   from the lawsuit and proceed against TPC only.  *See Krupski v. Costa Crociere S. p. A.*, 560 U.S.

25   538, 552 (2010) ("When the original complaint and the plaintiff's conduct compel the conclusion

26   that the failure to name the prospective defendant in the original complaint was the result of a fully

27   informed decision as opposed to a mistake concerning the proper defendant's identity, the

United States District Court
Northern District of California

1    requirements of Rule 15(c)(1)(C)(ii) are not met."); *Cappuccio v. California State Univ.,* No. 23-

2    cv-02026, 2024 WL 5416671, at *7 (C.D. Cal. Dec. 5, 2024).  Under these circumstances, the

3    Court concludes that the requirement that Mr. Roope "knew or should have known that the action

4    would have been brought against [him], but for a mistake concerning" his identity is not met.  Fed.

5    R. Civ. P. 15(c)(1)(C)(ii); *see Krupski*, 560 U.S. at 552.

6         The Court accordingly finds that Plaintiff's nuisance claim against Mr. Roope does not

7    relate back to his original complaint and is time-barred.  This provides an additional basis for

8    dismissing the Seventh Amended Complaint.

9                        **3.    Subject Matter Jurisdiction**

10        As the Court explained to Plaintiff in its first screening order, federal courts are courts of

11   limited jurisdiction.  *See* ECF No. 16 at 3.  This means that federal courts generally may only hear

12   cases that arise out of the constitution, laws, or treaties of the United States, or that are between

13   citizens of different states and the amount in controversy exceeds $75,000.  *Id.*; *see* 28 U.S.C.

14   § 1331; 28 U.S.C. § 1332.  Plaintiffs must include "a short and plain statement of the grounds for

15   the court's jurisdiction" in their complaint.  Fed. R. Civ. P. 8(a)(1).  As Plaintiff only asserts a

16   state law claim against Mr. Roope, he must allege that he and Mr. Roope are citizens of different

17   states and the amount in controversy exceeds $75,000 to establish that the Court has jurisdiction

18   over this case.  *See* 28 U.S.C. § 1332.  A person is a citizen of the state where they are domiciled;

19   that is, where their permanent home where they reside "with the intention to remain" is located.

20   *Kanter*, 265 F.3d at 857.

21        Plaintiff has not alleged where Mr. Roope is domiciled.  *See* Seventh Am. Compl. at 2.

22   Because Plaintiff has failed to allege where Mr. Roope is domiciled, Plaintiff has failed to

23   establish that the Court has diversity jurisdiction over the case.  Dismissal of the Seventh

24   Amended Complaint is thus also warranted due to lack of subject matter jurisdiction.

25                        **4.    Leave to Amend**

26        Although pro se plaintiffs must be provided ample leave to amend, leave may be denied if

27   allowing amendment would cause "undue prejudice to the opposing party," if amendment is

28   sought in bad faith or due to "dilatory motive on the part of the movant," if there have been

United States District Court
Northern District of California

18

"repeated failure[s] to cure deficiencies by amendments previously allowed," or if further amendment would be futile. *Sharkey*, 778 F.3d at 774; *Lopez*, 203 F.3d at 1131. Although it does not take this step lightly, the Court DENIES Plaintiff's request for leave to amend. ECF No. 96 at 3.

First, the Court has repeatedly informed Plaintiff that he must "demonstrate a basis for federal subject matter jurisdiction, whether federal question jurisdiction or diversity jurisdiction." ECF No. 16 at 6. In its second screening order, the Court explicitly addressed Plaintiff's deficient allegations regarding Mr. Roope's citizenship and told him how to cure this deficiency:

> Mr. Rothschild must allege sufficient facts about Mr. Roope's domicile ... to establish [his] state citizenship. Without this information, the Court cannot determine whether there is complete diversity among the parties, and thus whether it has subject matter jurisdiction in this action. Mr. Rothschild was informed as to this deficiency by the Court in the First Screening Order, but the [Second Amended Complaint] failed to remedy the issue ... Out of respect for Mr. Rothschild's pro se status, the Court gives him another opportunity to amend his allegations as to subject matter jurisdiction.

ECF No. 23 at 4-5. Despite being on notice that he must "allege sufficient facts about Mr. Roope's domicile" to establish his state citizenship, Plaintiff failed to allege any facts regarding Mr. Roope's citizenship in the Seventh Amended Complaint. *Id.* at 4. Plaintiff's "repeated failure to cure deficiencies" in his pleadings, despite the Court's prior instruction, warrants dismissal with prejudice. *Sharkey*, 778 F.3d at 774; *see Jordan v. Graziani*, No. C 03-2414, 2008 WL 2326303, at *2 (N.D. Cal. June 3, 2008) (finding "that further leave to amend would be futile" where the court had already explained a complaint's deficiencies and the "plaintiff was unable to cure them" in a subsequently amended complaint); *Chodos*, 292 F.3d at 1103 (explaining that despite the general policy of "extreme liberality" with regards to amendments, "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad") (quotation marks omitted).

Similarly, while Plaintiff's failure to allege facts showing that Mr. Roope is liable for the alleged nuisance could theoretically be cured on amendment, given his repeated failure to advance his nuisance claim, dismissal with prejudice is warranted. *See El-Shaddai v. Zamora*, No. CV 13-2327, 2019 WL 2026683, at *11 (C.D. Cal. May 8, 2019) ("[G]ranting plaintiff yet another chance

19

1    to amend his complaint would clearly be an exercise in futility."), *aff'd*, 807 F. App'x 721 (9th

2    Cir. 2020).  Lastly, the Court has found that Plaintiff's claim against Mr. Roope is time-barred.

3    Plaintiff cannot amend his complaint further to cure this deficiency.  And having dropped TPC as

4    a defendant, any attempts Plaintiff might make to revive his claims against TPC would be

5    similarly barred.  The Court accordingly concludes that providing leave to amend would be futile.

6    *Sharkey*, 778 F.3d at 774.  Dismissal with prejudice is thus warranted.

7    **V.    CONCLUSION**

8          Since filing this case over two years ago, Plaintiff has had multiple opportunities to amend

9    his complaint to state a viable claim and allege that the Court has jurisdiction over the dispute.

10   Mr. Roope, TPC, and others named as defendants in this action have filed and argued numerous

11   motions to dismiss.  The Court has in large part ruled in the defendants' favor, but, cognizant of

12   Plaintiff's status as a pro se litigant, has identified the defects in Plaintiff's pleadings and provided

13   him numerous opportunities to amend.  *See Lopez*, 203 F.3d at 1132; ECF Nos. 16, 23, 73, 89.

14   Despite the Court's directives, Plaintiff has continued to substitute in new defendants and failed to

15   correct defects in his pleadings.  While this may be due in part to Plaintiff's unfamiliarity with

16   legal procedures, the Court is concerned that Plaintiff is engaging in intentionally dilatory tactics.

17   Providing Plaintiff further leave to amend would subject Mr. Roope to a "never-ending cycle" of

18   defending against deficient claims.  ECF No. 95 at 5.  This case is accordingly dismissed with

19   prejudice and the Clerk is directed to close the file.

20         **IT IS SO ORDERED.**

21   Dated: October 31, 2025

22

23

24   LISA J. CISNEROS
     United States Magistrate Judge

25

26

27

28

*United States District Court*
*Northern District of California*